[S. F. No. 6835.    In Bank.—February 8, 1915.]

SWAYNE & HOYT (a Corporation), Respondent, v. WELLS-RUSSELL & COMPANY (a Corporation), Appellant.

PRACTICE—CONTINUANCE OF TRIAL—ABSENCE OF WITNESS—REFUSAL IN PRESENT CASE AN ABUSE OF DISCRETION.—In this action, pending in the city and county of San Francisco, the issues involved an accounting of business transactions between the parties at Arena Cove in Mendocino County, California. On September 12, 1911, it was agreed between counsel for both parties, that the case should be set for trial on September 14, but counsel for the defendant agreed thereto upon the express condition that the trial should not proceed at that time if defendant was unable to procure the attendance of a particular witness who was its business agent at Arena Cove. The next day, ascertaining that the attendance of the witness could not be procured, defendant's counsel so notified counsel for the plaintiff, and they thereupon agreed that the case might be continued until a later date, but did not obtain the approval of the court to that agreement. On September 14, at the time set for the trial, defendant's counsel appeared, but counsel for the plaintiff was absent. Thereupon defendant's counsel stated the foregoing circumstances and re-

quested a continuance, whereupon the court continued the trial until 10 o'clock of September 15. On that day both parties appeared and joined in a request for a continuance. The court denied the same, and set the trial at 1:30 P. M. of that day. At that hour, defendant's counsel again requested a continuance, basing his request upon an affidavit setting forth the foregoing facts, and showing the necessity of witness, the material evidence expected from him, and the impossibility of securing his attendance during the interval allowed by the court, on account of the inaccessibility of Arena Cove, and the impossibility of arranging for a person to take charge of the defendant's business at Arena Cove during the absence of the witness. Prior to the filing of the affidavit, a written stipulation between the parties for a continuance to September 30th was filed. *Held,* that the action of the trial court in refusing to grant a continuance under the circumstances was an abuse of discretion.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing a new trial. C. W. Norton, Judge presiding at trial. L. T. Price, Judge refusing a new trial.

The facts are stated in the opinion of the court.

Metson, Drew & Mackenzie, and R. G. Hudson, for Appellant.

Ornbaun & Fraser, for Respondent.

SHAW, J.—The defendant has appealed from an order denying its motion for a new trial. The only point presented by the record is that the court below erred in denying the application of the defendant to postpone the trial from September 15 to September 30, 1911. The case depends upon the sufficiency of the affidavit filed in support of the application for a continuance, taken in connection with the issues and previous proceedings in the case.

The plaintiff sued the defendant for money had and received, alleging that plaintiff operated a steamer carrying passengers to and from San Francisco and Arena Cove, Mendocino County, California; that the defendant operated a public wharf at Arena Cove and also, in virtue of an agreement between plaintiff and defendant, the latter acted as ticket agent for the plaintiff to sell tickets for passage on its steamer; that from September 29, 1908, to November 30, 1909, defendant sold tickets for plaintiff for sums aggregat-

ing $2,833.00, of which it paid to the plaintiff $2,301.95, and for which it was entitled to commissions of $141.65, leaving due to the plaintiff and unpaid $389.40. The defendant admitted the receipt and payment of said sums of money and that it was entitled to the commissions as stated, but it alleged as a defense that in addition to selling tickets it had performed various other services for the plaintiff at its request, which were of the reasonable value of $389.40, and that it had from time to time rendered monthly accounts of the sales of tickets and of the services rendered, showing that nothing was due to plaintiff, which accounts were acquiesced in by the plaintiff, so that the same became an account stated.

After the case was at issue and had been placed on the calendar to be set for trial, difficulty was encountered in finding a time when it could be tried by the regular judges of San Francisco County, whereupon it was transferred to an "extra session," held by a judge of another county. On September 12, 1911, the counsel for plaintiff and defendant agreed that the case should be set down for trial on September 14, 1911, but counsel for defendant agreed thereto upon the express condition that the trial should not proceed at that time if defendant was unable to procure the attendance of its wharfinger at Arena Cove as a witness. The next day, ascertaining that the attendance of said witness could not be procured, defendant's counsel informed the plaintiff's counsel of that fact, and they thereupon agreed that the case might be continued until a later date, but did not obtain the approval of the court to that agreement. On September 14, at the time set for the trial, defendant's counsel appeared, but counsel for the plaintiff was absent. Thereupon defendant's counsel stated the foregoing circumstances and requested a continuance, upon which the court continued the trial until 10 o'clock of September 15, 1911. On September 15 counsel for both parties appeared and joined in a request for a continuance. The court denied the same and set the cause for trial at 1:30 P. M. of that day, and announced that the cause would not be continued, except upon a "legal showing." At the time fixed, the defendant's counsel presented the affidavit upon which the continuance was asked. After stating the foregoing facts the affidavit proceeded to say that by reason of the distance which must be traveled and the means of travel from San Francisco to Arena Cove, and

because of his business engagements, it was impossible to obtain the presence of said witness at that time; that the witness was the agent of defendant in sole charge of its business at Arena Cove and could not leave said place without first procuring some person to take charge of the business during his absence; that the defendant must rely upon his testimony to show the conditions and terms of business dealings between plaintiff and defendant, and to show the actual business conducted and carried on between plaintiff and defendant under the contract alleged in the complaint; that on behalf of defendant affiant had used diligence in attempting to secure the witness's presence, but it had been impossible to do so because of the inaccessibility of Arena Cove and the impossibility of arranging, in the four days' time, for a person to take the place of said witness and to get the witness to San Francisco at the time last set for trial. Prior to the filing of this affidavit a written stipulation between the parties for a continuance of the case from September 15th to September 30th was filed. The plaintiff had no witnesses present and had to send for them when the application was denied. Evidently it had expected that the postponement would be granted.

Upon this showing and under the conditions at the time existing, we think it was the duty of the court to have granted the continuance applied for. In determining this question it is necessary to consider both the nature of the issues joined and the prior negotiations between the parties relating to the time of trial, as well as the facts stated in the affidavit. On September 12th defendant's attorney agreed to the trial in the very short time of two days upon the express condition that it should not proceed unless he was able to procure the witness, and to this the plaintiff had agreed. It appears from the affidavit filed in support of the motion for a new trial on the ground of irregularity in the proceedings of the court, that the plaintiff's attorney had relied upon the agreement between them and did not attend on the 14th at the time set for trial. When the court refused to make the continuance for a longer time than twenty-four hours, the defendant's counsel, as soon as he could do so, informed plaintiff's counsel of that fact, and it was then agreed between them that a continuance should be had for fifteen days. Defendant had a right to rely upon this understanding and to refrain from

further efforts in the mean time to secure the attendance of the witness. The affidavit shows that it was impossible to get the witness to San Francisco within the short time intervening between that hour and the time of trial, or within the two days between the 12th and 14th of the month. It states in perhaps too general terms the evidence expected from the absent witness. The defense was that statements of account had been rendered monthly by the witness as agent of the defendant at Arena Cove and that these had become an account stated showing nothing due to the plaintiff. The affidavit states that the witness was in sole charge of the business. It would necessarily follow that he alone could have a first-hand knowledge of the material facts alleged in the defense. No objection to the form or sufficiency of the affidavit in this respect was made below. If it had been made the defect could have been immediately cured if the court below had so required. (Code Civ. Proc., sec. 595.) Under these circumstances it must be deemed to have been waived.

While it is true that the matter of a continuance is largely in the discretion of the trial court, and that postponements of trials are not favored, we think the facts of this case disclose a clear abuse of discretion. If the period intervening between the time of the setting for trial and the time set for trial had been longer, perhaps a greater degree of diligence would have been necessary on the part of the defendant, but the time was extremely short, and it was fixed upon a condition, for the benefit of the defendant, which had failed. In view of all these circumstances we think it was clearly entitled to a continuance as applied for.

The order denying a new trial is reversed.

Melvin, J., Sloss, J., Lorigan, J., and Angellotti, C. J., concurred.