[Civ. No. 902. Fourth Appellate District.—August 25, 1931.]

MARY C. CARL et al., Respondents, v. EARL J. THOMAS, Appellant.

Curtis Hillyer and W. E. Hardenburg for Appellant.

Edward H. Whelan, Thomas Whelan, Philip Smith and Vincent A. Whelan for Respondents.

FINNEY, J., *pro tem.*—The original complaint in this action sets forth two causes of action: First, an action to quiet title, containing the usual averments, and second, a cause of action for cancellation, as to the defendant, of a deed from one Hartley, conveying to all of the parties, as joint tenants, the property described in the complaint, on the ground that the defendant's interest in the property had been obtained by him through fraud and deceit. The answer denied all the material allegations of the complaint, except the conveyance to and from Hartley, and set up full ownership in the defendant of the property in question.

The defendant was an officer of the coast guard attached to the U. S. S. "Seminole", with headquarters at Stapleton, New York, and the vessel was engaged in chasing rum-runners. The defendant employed his attorneys through correspondence and had never personally consulted with them.

It should be noted here that the plaintiff Thomas and the defendant Thomas intermarried November 9, 1911, and were divorced in 1927, the final decree being entered May 22, 1928. The plaintiff Carl was the mother of the plaintiff

Thomas and much of her testimony was devoted to relating the evil traits of her former son-in-law, the defendant Thomas. In fact the unhappy domestic relations of the parties, in former years, as the plaintiffs conceived it, gave a dark color to their testimony and in this instance, absence did not make their hearts grow fonder. No mention of the property involved in this suit was made in any of the papers in the divorce action, although the property had been acquired long prior thereto.

In November, 1928, this case, at the request of the defendant, was replaced on the court's waiting list in such order that it would be called for setting at the second March call of the court's calendar and would result in a setting for trial after April 1, 1929. The defendant was duly notified thereof by his attorneys in a letter dated November 26, 1928, and in the same letter was requested to be in San Diego a few days in advance of the date of the trial, "of which we will advise you in due course". Acknowledging receipt of this letter from his attorneys, the defendant wrote, on December 17, 1928, "I will make every effort to be present at the date mentioned in your letter." In the latter part of February, 1929, the defendant wrote his attorneys that his application for a leave during the first part of April had been denied. However, on March 6, 1929, the defendant wired his attorneys as follows: "Set case, my leave approved. Will be present," and on March 12, 1929, he wrote them as follows: "My application for leave has been reconsidered and approved so that I may be present when the case is called. Therefore it will not be necessary for us to put the case off. I feel as if we have a fair chance to win." On March 18, 1929, the case was regularly set for trial on Friday, April 12, 1929, and on the same day, March 18, 1929, defendant's counsel wrote him as follows:

"This case has been set for trial on April 12, next. I would suggest that you time your departure from New York so as to reach here two or three days at least before the trial, as there are many things I want to take up with you. Be sure and bring with you all records, letters, agreements, deeds, and other papers relating to transactions between yourself and the plaintiffs concerning this property or concerning any matter relevant thereto. As you know, I have only an imperfect understanding of your version of

the case and must familiarize myself with all of the facts. It is our custom to collect our fees before trial. In addition there will be some small charges for costs and possibly service of process. Hoping to see you several days before the 12th, I remain,

"Your very truly,
"W. E. HARDENBURG."

This communication was placed in a sealed envelope addressed to the defendant at his last-known address, and with postage prepaid, deposited in the United States mail at San Diego. It has never been returned to the sender, although it bore on the outside of the envelope a request for return and his name and address. On April 12th, the day of the trial, the defendant had not appeared, nor in any way explained his absence, and his counsel, appearing at the opening of court on that day on the call of this case, so stated to the trial judge and called his attention to the facts and circumstances substantially as set forth above, and to the further fact that they had already on that day sent a wire of inquiry back to New York, and thereupon counsel asked for a continuance of the case for a few days until they could find out what had become of the defendant. The court thereupon continued the trial until 2 P. M., at which time the attorneys for defendant reported they had received no reply to their telegram and thereupon the court ordered the parties to proceed with the trial. Testimony was taken during the remainder of the day and at 5 P. M. the case was continued to Monday, April 15, 1929. At the opening of court on April 15th counsel for defendant informed the court that on April 12th they had wired defendant as follows: "Case set for today, stop, for information of court wire reason for failure to appear," and on April 13th they had received a telegram from him as follows: "I did not receive any notice from you whatsoever the case was to be called today, if so would have been present. Please inform me the action of the court and set case ahead as far as possible. I depart for sea voyage early tomorrow morning." Counsel also presented to the court a wire which they had sent to J. L. Ahern, the defendant's commanding officer, as follows: "Where is Earl Thomas: his trial is proceeding: wire answer collect," and the reply received from Ahern, as fol-

lows: "Earl Thomas is aboard this vessel: ship now at sea." Thereupon counsel urged the court to continue the case twelve or fifteen days so that the defendant would have a chance to attend the trial and offered to consent, at the expiration of said period, to proceed with the trial without objection, if the defendant did not appear. The motion for continuance was denied, and the taking of testimony was resumed. On each foregoing occasion, after the denial of their motion for a continuance, defendant's counsel asked and obtained permission from the court to prepare and file an affidavit embodying the matters orally set forth as the basis of such motions respectively, and such affidavits were duly filed.

Thereafter, on April 17, 1929, counsel for plaintiffs, having discovered the existence of a deed which purported to be signed by the plaintiffs and to convey to the defendant the entire interest of the plaintiffs in the property in question and which had been filed for record in the recorder's office on June 8, 1928, several months after the filing of this suit, asked and obtained leave to amend and supplement their complaint by adding thereto a third, fourth and fifth cause of action, one of them—the third—being directed against, and asking for the cancellation of, the above-mentioned deed, which was received in evidence as defendant's exhibit A. It is not necessary to detail the fourth or fifth causes of action, except to say they raised new issues which, however, could have been added appropriately to the original complaint when it was filed.

Counsel for the defendant objected vigorously to the court's action in permitting the filing of the amended and supplemental complaint upon the ground that it worked a surprise on the defendant and that it set up several wholly different causes of action under the guise of an amendment. This objection was overruled and the defendant excepted and thereupon his attorneys moved the court for a continuance until May 20, 1929, on the grounds of surprise, lack of opportunity to consult with their client regarding the new causes of action and the receipt of a letter from their client dated April 12, 1929, which read as follows: "I depart Saturday, April 13. Will be at sea for five days. Will be able to be present any time but now there has been a mixup, if it is put forward to May 15, I will be able to

get excursion rates to California.'' The motion for a continuance was denied and, late in the afternoon of the same day, after taking further testimony, the plaintiffs rested. Thereupon defendant's counsel again moved for a continuance, which was denied, and an exception was taken. Being directed to proceed, the defendant's attorney, Mr. Hardenburg, then stated to the court: ''The defendant will also have to rest. We have no testimony to offset this new testimony. We have already introduced this deed (defendant's exhibit A) in evidence, and that is a complete answer to all causes of action in the original complaint; but we have no evidence to offer on the allegations contained in the amended and supplemental complaint and the various causes of action stated therein.'' The court then directed the parties to proceed to the argument.

The court found that the plaintiffs did not know, until the Hartley deed had been delivered, that the defendant's name appeared as grantee therein; that upon discovery of said fact, the defendant promised to pay plaintiff Carl $25, and plaintiff Thomas $50, per month for the remainder of their lives, and that plaintiffs relied upon said representations, although they were made with the intent to deceive and defraud the plaintiffs.

As to the deed, dated December 22, 1925, received in evidence as defendant's exhibit A, the court found that the defendant induced plaintiffs to sign it upon the false representation that it was an application for an allotment of a portion of his pay; that the defendants were in fear of him at the time, but nevertheless believed his statement, and did not see nor understand that the paper was a conveyance of real estate; that the plaintiffs had no knowledge of the form of deeds except those written on a printed form and that the plaintiffs never acknowledged the deed and never received any consideration for such conveyance.

The judgment ordered that the Hartley deed be canceled in part by striking out and obliterating therefrom, annulling and voiding therein the name of ''Earl J. Thomas''. It further adjudged that the deed identified as defendant's exhibit A was not the deed of the plaintiffs and ''did not convey, and does not operate as a conveyance to, said real estate''. The judgment concluded by quieting title of the

plaintiffs as against the defendant Thomas and all persons claiming by, through or under him.

Within due time after the entry of said judgment, defendant filed and served notice of his intention to move for a new trial on the grounds of: (1) Newly discovered evidence; (2) accident or surprise; (3) irregularity in the proceedings of the court; (4) insufficiency of the evidence; (5) errors in law; the motion being supported by affidavits.

Defendant takes this appeal from the judgment entered against him pursuant to the findings and order of the court made herein.

■ While many questions are raised and discussed in the briefs, in the view we take of this matter, it will not be necessary for us to consider any of them except the rulings of the court in denying defendant's several motions for a continuance. While it is true, as a general rule, that an application for a continuance is addressed to the sound discretion of the trial court and that postponements of trials are not favored (*Swayne & Hoyt* v. *Wells, Russell & Co.*, 169 Cal. 204 [146 Pac. 686]), we think, nevertheless, the facts in this case disclose a clear abuse of discretion. There is no evidence in the record that the defendant received from his counsel the letter dated March 18, 1929, notifying him that his case had been set for trial April 12, 1929, except the presumption that a letter deposited in the mails will arrive at its destination and be delivered to the one to whom it is addressed, or be returned to the sender, if it bears his name and address on the outside. But we know many letters are lost in the mails, both with and without "returns" on them, and this presumption, standing alone, cannot prevail against the positive statement of the defendant, otherwise unimpeached, that he did not receive the letter, and that he could and would have come to the trial if he had received it. Neither counsel nor defendant was in any way at fault for defendant's failure to appear. Timely notice had been sent by counsel, defendant had arranged his leave of absence to fit this particular period, and we must conclude, on the showing made, that the defendant would have been on hand for the trial, if he had received the letter referred to.

We think the court erred in each instance in denying the applications for a continuance, on the showings made, the

first two of which showings were, with the permission of the court, subsequently reduced to writing in the form of an affidavit by defendant's counsel, as required by section 595 of the Code of Civil Procedure. The defendant was the only person, except the plaintiffs, who, so far as the record shows, had personal knowledge of many of the important issues decided by the court and was, therefore, the only person who could have corrected the plaintiffs' testimony on those issues, if it was in error. The trial of this case, in the involuntary absence of the defendant, amounted to a denial to him of his day in court and the admission in court by counsel for the plaintiffs, unaccepted by defendant's counsel, that defendant, if present, would have testified contrary to the plaintiffs' testimony, will not correct the matter. Moreover, there was no showing that the plaintiffs would have suffered any injury or prejudice by a short continuance in this case, except that it appeared that the plaintiff Carl, is an elderly lady and in feeble health. This situation might have been met by taking her deposition or allowing the continuance after she had given her testimony in the case, and thus the time and expense wasted in this trial would have been avoided.

For the reasons indicated the judgment appealed from is reversed.

Jennings, Acting P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 17, 1931, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 22, 1931.