[Civ. No. 13300. Second Dist., Div. Two. Oct. 21, 1941.]

ALHAMBRA BUILDING & LOAN ASSOCIATION (a Corporation), Respondent, v. AGNES J. KRUPP DeCELLE et al., Appellants.

S. S. Hahn and W. O. Graf for Appellants.

George A. Elstein and H. S. Farrell for Respondent.

HANSON, J. *pro tem.*—This is an action in equity instituted by a judgment creditor to subject two parcels of real estate to its judgment as being the property of the judgment debtor although title thereto stood in the names of third persons. From a judgment rendered in favor of the creditor the defendants, both debtor and title holders, have appealed.

The amended complaint, which is labeled "Amended Complaint to Set Aside Fraudulent Conveyance," alleges that Agnes J. Krupp DeCelle and her husband, Charles E. DeCelle, deceased, purchased the properties here involved and caused the grantors thereof to name as grantees certain relatives of Mrs. DeCelle, and that these relatives took the title to the properties in trust to hold the same as the separate property of Mrs. DeCelle in order to assist her in defrauding her creditors. The prayer of the complaint was that the deeds conveying the properties to the relatives be set aside and that the properties be subjected to the lien of the plaintiff's judgment. The trial judge found that the defendant Mrs. DeCelle, from her separate funds and not those of the community, purchased and improved the two properties here in question and caused the titles thereto to be taken in the names of her relatives, to be held by them in secret trust for her and her alone, and entered judgment accordingly.

Appellants contend that the properties here involved were community property, owned by Mrs. DeCelle and her deceased husband, and hence not only was the latter's personal representative a necessary party but such representative alone was entitled to sue to recover property fraudulently caused to have been transferred by him. The complete answer to this claim is that in the court below appellants contended that neither Mrs. DeCelle nor her husband in his lifetime, nor his estate upon his death, had any interest in the property. They may not now "mend their hold" or on appeal become self-appointed guardians of the rights of the estate of the decedent. No one with the right to represent decedent's estate is here to urge the error, if error

there be. The right of appellants to claim that the personal representative of the decedent's estate was a necessary party to a complete determination of the action could have been urged in the lower court by demurrer or answer, but the objection not having been made it was waived. (*Ah Tong* v. *Earle Fruit Co.*, 112 Cal. 679 [45 Pac. 7].) ▮ Furthermore, appellants are in no manner prejudiced, and neither is any personal representative, for that matter, for the simple reason that if he had an interest it has not been effectively adjudicated against him, and could not be as he was not a party to the litigation.

▮ Appellants' next contention is that the evidence does not show a fraudulent conveyance in that there is no showing that respondent did not have ample security at the time the conveyances were made; and, further, there was no evidence to warrant the maintenance of the action instituted more than three years after the date of the conveyance. If the action had been predicated solely on the theory of a fraudulent conveyance to a third party, with no interest reserved or held in trust for the judgment debtor, there would have been merit in the claim. Here, however, one of the claims of respondent, as set forth in its complaint, was that the grantees in the deeds to the properties here involved acquired by their deeds a mere naked legal title and held such title in trust for Mrs. DeCelle. This was tantamount to saying that Mrs. DeCelle was and at all times had been the beneficial owner of the properties and that title simply rested in other parties for her.

▮ Another contention of appellants is that four letters written to Mrs. DeCelle by some of her co-defendants during the period from 1924 to 1928 should have been admitted on the theory that they were part of the *res gestae*. The letters disclosed that moneys had been transmitted by some of the grantees. They were not accompanied by any moneys at the time they were transmitted to Mrs. DeCelle or her husband. Instead, they mentioned only moneys which had theretofore been sent. Accordingly the letters were not part of the *res gestae*. The statements contained in the letters are not contemporaneous with the act of transmitting money; they are mere recitals of past events. *"Res gestae"* means the "automatic and undesigned incidents of the particular act in issue. . . . "* They are admissible in explanation of

such·act. The letters to Mrs. DeCelle belong to that class of *res gestae* sometimes referred to as "verbal acts." When the act in issue has "intrinsically no definite legal significance, or only an ambiguous one, its legal purport or tenor may be ascertained by considering the words accompanying it. . . . " (*Keefe* v. *State*, 50 Ariz. 293 [72 Pac. (2d) 425].) As thus defined the letters to Mrs. DeCelle did not constitute a part of the *res gestae*. They were a narrative of past occurrences—namely, the purported transmission of money.

■ The final contention of appellants is that it was error to set aside the conveyance *in toto*. The claim is made that the court should have limited its judgment to declaring the conveyance void only so far as necessary to liquidate the claims of the respondent. (*Emmons* v. *Barton*, 109 Cal. 662 [42 Pac. 303] ; *Liuzza* v. *Brinkerhoff*, 29 Cal. App. (2d) 1, 3 [83 Pac. (2d) 976].) We dare say that had the appellants brought the point to the attention of the trial court at the time the conclusions were signed the court would have limited them accordingly, and its judgment as well. However, if the court's action here was erroneous, and we think it was, it is an error which we can cure without the necessity of sending the case back to the trial court.

The conclusions should be and they are hereby modified by striking out the first paragraph thereof and substituting in lieu the following:

That the plaintiff herein is entitled to a decree adjudging that the deeds conveying said properties herein described to the defendants Ane Margrete Ebbesen, Elly Ebbesen May, Edel Ebbesen and Klara Sorensen are fraudulent and void as to the plaintiff, and that the lands in said deeds described be adjudged subject to the lien of the plaintiff's judgment and that said conveyances be set aside to the extent necessary to liquidate said judgment.

Also, the judgment is modified by substituting in place of the second paragraph thereof the following:

It is therefore hereby ordered, adjudged and decreed that the plaintiff have judgment that the deeds conveying the properties described in the amended complaint on file herein to the said defendants Ane Margrete Ebbesen, Elly Ebbesen May, Edel Ebbesen and Klara Sorensen were made to de-

fraud the creditors of the said defendant Agnes J. Krupp DeCelle, and are fraudulent and void as against the plaintiff in this action; and that the lands therein described are subject to the lien of plaintiff's judgment, and to the extent necessary to liquidate said judgment said deeds are set aside.

With the foregoing modification the judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 18, 1941.