[Civ. No. 16783. Second Dist., Div. One. May 13, 1949.]

ELLY EBBESEN MAY et al., Appellants, v. ROY ROSEN et al., Respondents.

[Civ. No. 16784. Second Dist., Div. One. May 13, 1949.]

KLARA SORENSEN, Appellant, v. FRANK VASI et al., Respondents.

Combs, McIntyre & Scales for Appellants.

George A. Elstein, Joseph J. Rifkind, Walter S. Home and Arnold Praeger for Respondents.

DORAN, J.—The two sections, consolidated for trial as well as for appeal, involve virtually the same issues, but differ as to parties and in respect to the parcels of real estate involved. The original pleadings filed by the plaintiffs were conventional quiet title complaints. When the cases came on for trial plaintiffs asked leave to file amendments setting up a second cause of action but permission to do so was denied and the cases proceeded to trial on the original complaints.

According to the answer filed in the first case, ''one Agnes J. Krupp de Celle, named as a defendant herein, from her separate funds purchased the lands and premises described in plaintiff's complaint (about June 9, 1932) and caused the title thereto to be taken in the name of ELLY EBBESEN MAY, ANE MARGRETE EBBESEN and EDEL EBBESEN, to be held by them in a secret trust for said AGNES J. KRUPP DE CELLE and the said AGNES J. KRUPP DE CELLE was the owner of the

whole of the beneficient interest" therein. It is then alleged that "at the time of the purchase of said real property by the said AGNES J. KRUPP DE CELLE and at the time of the execution of the Deed conveying title thereto to ELLY EBBESEN MAY," et al., the Alhambra Building & Loan Association was a creditor of Agnes J. Krupp De Celle and on June 12, 1933 recovered judgment against said De Celle and husband in the Superior Court of Los Angeles County for the sum of $6,785.43, recording an abstract of such judgment in that county. There were similar allegations in the Klara Sorensen action.

Thereafter, and about November 5, 1937, the Alhambra Building and Loan Association, referred to as "Alhambra," filed an action to set aside the above mentioned deeds by De Celle, and on February 8, 1940, judgment was rendered invalidating the deeds on the ground that said conveyances were fraudulent and void as to creditors, and subjecting said lands to the lien of the Alhambra Judgment. On appeal (47 Cal.App.2d 409 [118 P.2d 19]), this judgment was modified; setting the deeds aside only "to the extent necessary to liquidate said judgment," instead of *in toto*.

On October 2, 1937, Alhambra filed an action to renew the original judgment against De Celle, and on February 6, 1940, recovered judgment therein, in the sum of $9,943.65. No appeal was taken from the latter judgment and on April 16, 1940, execution was levied upon all the right, title and interest of De Celle in the property in question; there was a sheriff's sale and on July 11, 1941, a sheriff's deed was executed to the Alhambra Building & Loan Association. Thereafter Alhambra's successor, First Federal Savings & Loan Association of Alhambra, conveyed the property to Roy Rosen and other defendants; these defendants then secured a judgment quieting title as against De Celle on November 16, 1944, and Agnes J. Krupp De Celle executed to said defendants a quitclaim deed to the property.

In the present quiet title action by Elly Ebbesen May et al., and Klara Sorensen, the trial court found in favor of defendants, reciting the previous history of the controversy hereinbefore mentioned, and decreeing that plaintiffs had no interest in the property. It was further found that the former judgment secured by Alhambra, setting aside the De Celle deeds, was res judicata so far as the plaintiffs' claims were concerned.

 The first ground urged by appellants as justifying a reversal is "The failure of the trial court to grant a continu-

ance until the written interrogatories (taken in Denmark) arrived constituted an abuse of discretion.'' On this point appellants' brief states that ''All of the plaintiffs were residents of Denmark and the Court (in the present actions) was so informed that the written interrogatories had not arrived and that the plaintiffs' entire testimony consisted of matters covered by the interrogatories, and that their only other witness was possibly Mrs. De Celle, named in the action as a defendant.''

It is further averred that ''plaintiffs' attorneys had encountered many difficulties, including language and translation problems, and were unable to prepare and send the written interrogatories at an earlier date.'' Prevailing war conditions are also mentioned with the statement that ''the trend appears to be that the courts will continue the cause until the parties have had full opportunity to come into court and offer their testimony.'' It is urged that the failure of the depositions to arrive in time for the trial ''placed plaintiffs in an unexpected situation wherein they were injured without fault or negligence on their part,'' and that the denial of a continuance ''was not in accordance with the Anglo-Saxon conception of justice and fair play.''

Answering this contention, respondents' brief points out that on October 9, 1947, the date of trial was advanced from August 8, 1948, to January 29, 1949, of which fact appellants had due notice; that the appellants' notice of motion to take the depositions in Denmark was not served or filed until December 12, 1947, some two months after the trial date had been advanced. In denying appellants' motion for continuance the trial court stated that it would ''consider whether these depositions are to be introduced at a later date, and if they are material the court will be very liberal in permitting their reception.'' During the trial the interrogatories were submitted and the trial court said: ''I have grave doubt—this is an offhand opinion. After having gone through these questions whether any answers here that could be given would present competent testimony to establish the claim.'' So, respondents' brief avers, ''the effect was practically the same as if the deposition had been returned and an attempt had been made by counsel for plaintiffs to read the same in evidence.'' Respondents also take the position that ''the depositions would be inadmissible in a collateral attack on the Alhambra judgment.''

■ The granting or refusing of a continuance is, as appellants' brief concedes, a matter of discretion with the trial court. Except in the case of a clear abuse of such discretion, appellate courts will not interfere with the exercise thereof.

■ In the instant controversy appellants have entirely failed to present any evidence of abuse of the trial court's discretion. Nor does the record disclose anything which might reasonably lead to such a conclusion. Indeed, it is reasonable to believe that, had appellants acted with more promptness in instituting proceedings to take the depositions, such evidence would have been available at the time of trial. Moreover, as respondents have pointed out, since the Alhambra judgment was res judicata, and not subject to collateral attack, depositions attempting to impeach the validity of such judgment would be inadmissible and could avail appellants nothing. Regardless of these matters, however, since abuse has not been established, no appellate interference with the trial court's exercise of discretion is here warranted.

■ It is argued by appellants that the judgment in the Alhambra action against appellants is void because of want of jurisdiction for the reason that the Danish defendants (appellants herein) "did not authorize counsel to appear for them in the trial of the case." It is claimed that Agnes De Celle signed the answer as agent for appellants but without authorization from such parties. The trial court found, however, that "said plaintiffs and each of them (appellants herein) were represented by counsel during the trial of said (Alhambra) action," and also that appellants were likewise "represented by counsel in the appeal which was taken from said judgment"; that the ownership of the property "was adjudicated and the matter is res adjudicata."

Respondents'. brief contends that appellants were properly represented by counsel, relying on the fact that "An attorney is an officer of the court, and the presumption is that he has acted within the scope of his employment," quoting from 3 California Jurisprudence, page 644. It is further argued that "whether counsel was authorized to appear for Klara Sorensen and the Ebbesens is immaterial because these persons were served with summons." Respondent also points out that "A judgment cannot be collaterally attacked on the ground that the attorney for the attacking party was not authorized to represent him." In a reply brief, appellants contend that the attack on the Alhambra judgment is proper since the defect is not apparent on its face; that the matter

is not res judicata; and that "The attack on the judgment is not a direct attack on the judgment nor is it collateral, but it is an indirect attack."

In the case of *Nielsen* v. *Emerson,* 119 Cal.App. 214, 217 [6 P.2d 281], the court said: "It is also contended that the judgment-roll in the action shows a lack of jurisdiction because the attorney who instituted the action was not the attorney who signed the stipulation. There is no merit in this, as the attorney appearing and acting for a party is presumed to have authority, and the validity of his acts cannot be called in question collaterally" citing various earlier California cases. The court there defined a "collateral attack" as "an attempt to impeach a judgment by matters dehors the record in an action other than that in which it was rendered."

And in *Parkside Realty Co.* v. *MacDonald,* 167 Cal. 342 [139 P. 805], is found the following statement: "nothing that we have said is to be taken as intimating that a judgment valid on its face may be collaterally attacked on the ground that the attorney who appeared for the party against whom it runs was not authorized to appear for such party." As said in respondents' brief, "It would be a strange situation, indeed, if a plaintiff in a case was required to determine, at his peril, whether or not counsel appearing for the defendant was authorized to make the appearance where there is a vigorous and able presentation by the counsel appearing."

Appellants' further contention that no jurisdiction was acquired under the constructive service employed in the action by Alhambra, is predicated on the admitted fact that the affidavit of mailing recited that, pursuant to the order of publication, affiant mailed to the foreign defendants, "a copy of the Summons and Amended Complaint in this suit," whereas the original summons "had been supplemented by a Summons on an Amended Complaint." Appellants insist that "strict compliance with the statute respecting constructive service must be followed in acquiring jurisdiction," and that service of the original summons was a nullity since it had been superseded by a summons issued on an amended complaint.

Respondents' brief answers the above argument by observing that although the affidavit was defective in not specifying that the summons served was the later one issued on the amended complaint, appellants do not claim "that they did not receive a copy of the Amended Complaint and a copy of the Summons issued on the Amended Complaint. All that

they claim is that the *affidavit of service* is defective"; that "The fact of service and not the proof of service is the important element," citing to that effect *Vail* v. *Jones,* 209 Cal. 251, 255 [287 P. 99], and other cases so holding. Still other cases hold that great liberality is allowed to show the fact of service, and that slight discrepancies not capable of misleading the defendant are immaterial. As pointed out in respondents' brief, H. S. Farrell, who made the affidavit of mailing in question, testified that the summons referred to in the affidavit was "the summons on the Amended Complaint," and stated that a copy of the summons issued on the amended complaint was mailed to each of the foreign defendants. Under the holding in *Vail* v. *Jones,* 209 Cal. 251, 255 [287 P. 99], hereinbefore referred to, "It cannot avail appellant that the proof of service . . . differed from the fact of service. . . . Jurisdiction does not depend upon proof of service but upon the fact that service was made."

The trial court found that the defendants Roy Rosen, et al., "are the owners in fee by adverse possession" which had continued for more than five years preceding the filing of plaintiffs' action. This title is controverted by appellants who advance the proposition that a state of war between countries "is effective to suspend the running of statutes of limitations." This theory, say appellants, "is carried into California law in the form of Code of Civil Procedure, Section 354: 'When a person is, by reason of the existence of a state of war, under a disability to commence an action, the time of the continuance of such disability is not part of the period limited for the commencement of the action whether such cause of action shall have accrued prior to or during the period of such disability.'" However, regardless of the law on this subject, there is no merit in appellants' contention; the principles contended for are inapplicable. As respondents have pointed out, since it had been judicially determined in the case of *Alhambra Bldg. & L. Assn.* v. *DeCelle,* 47 Cal.App.2d 409 [118 P.2d 19], that "appellants were never seized or possessed of the real property herein involved . . . they obviously cannot now, nor could they ever have maintained an action." And respondents' brief further mentions the fact that "appellants did not file any complaint until June 11, 1947, although the German Armies had surrendered in May of 1945. The period of adverse possession of respondents Rosen and Elstein was continuous from February 13, 1942, and was not completed until February 13, 1947. The appellants therefore, even if

seized or possessed, had they exercised due diligence, could have filed an action between May, 1945, and February 13, 1947, during which period Denmark was no longer occupied.'' Appellants' closing brief contains no negation or explanation of such facts other than apparent reliance upon the ''still unsettled conditions in Europe and other unforeseen difficulties involving language, etc.''

There is substantial evidence in support of the trial court's findings, and no reversible error is apparent in the record.

The judgments are affirmed.

White, P. J., and Drapeau, J., concurred.