[Civ. No. 18247.   Second Dist., Div. Two.   Mar. 21, 1951.]

FAY H. DOUGLAS, Appellant, v. EDWIN SAMUEL DOUGLAS et al., Defendants; EDWIN S. DOUGLAS, JR., et al., Respondents.

Harry W. Dudley for Appellant.

A. Maxson Smith and Robert A. Keller for Respondents.

MOORE, P. J.—Plaintiff appeals from a judgment that she take nothing against defendants entered after the general and special demurrers against her complaint had been sustained without leave to amend.

The allegations of the complaint in substance are: appellant is wife of defendant Edwin Samuel Douglas. Edwin S. Douglas, Jr., and Grace Lorraine Kunkle are his children by a former marriage. April 28, 1944, Edwin, Sr., sued appellant for divorce. She filed a cross-complaint and on a hearing of an order to show cause therein, the court ordered Edwin, Sr., to pay his wife $250 per month as alimony commencing November 15, 1944, which order has become final. After the 15th of January, 1946, no payment has been made. About September, 1944, Douglas, Sr., transferred to Edwin, Jr., certain real and personal property in Los Angeles County and specified realty in San Bernardino County and in Arizona for the purpose of fraudulently depriving Mrs. Douglas of her interest in such properties and to prevent her from collecting the alimony awarded and to be awarded to her.

At the time of such transfers Edwin, Jr., agreed to hold the properties for the benefit of Douglas, Sr., and accepted them for the purpose of defrauding Mrs. Douglas. Defendants claim that none of such properties was ever so held in trust. Both father and son claim that they belong to Edwin, Jr., but such claim is untrue. Douglas, Sr., now resides in New York. There is no other property of Douglas, Sr., than those described. On January 11, 1950, on the petition of defendants other than Douglas, Sr., this court issued its writ prohibiting the superior court from further proceeding with the divorce action on the ground that more than five years had elapsed from the time of filing to the bringing of such action to trial and the judgment is final. As a result of the writ of prohibition, the superior court cannot issue either a writ of execution on the order for alimony or issue an order for supplemental proceedings. The trust alleged has never been repudiated. Plaintiff has no adequate remedy at law.

In her four additional counts plaintiff alleges a constructive trust of realty in Oregon and Washington and attempts to declare express oral trusts with respect to each of the same items of real property and certain movables in California; she combines (count 3) allegations of constructive trusts with respect to three items of personal property with allegations of express oral trusts with respect to each of the same items of personalty. She combines (count 4) allegations of a constructive trust in her favor with respect to a parcel of realty in Riverside County with allegations purporting to establish an express oral trust with reference thereto. In her fifth count she combines all the allegations of the first four causes with allegations of moneys due. Douglas, Sr., not having been served with process, his codefendants demurred specially and generally to all counts.

The court below having sustained the demurrer without leave to amend entered judgment against plaintiff. Since the basis of the ruling is not disclosed by the record, this discussion will proceed upon the hypothesis that appellant has correctly divined that the trial court concluded the complaint to be invalid by virtue of the operation of the statutes of limitations. Prefatory to her argument appellant concedes "that more than three years prior to the commencement of the action, appellant learned of said alleged transfers and the alleged creation of the trusts and all parties to the alleged trusts denied to appellant their existence. No allegations were made as to the dates of such discoveries or denials

because, under appellant's theory, such dates are immaterial.''

Appellant contends that the statutes of limitations do not bar an action to establish a trust where the transferee of the property holds the mere naked legal title and the trust has not been repudiated as to the beneficiary, regardless of (1) the date of transfer and (2) the fact that the transferees deny the existence of a trust. She cites *Alhambra Building & Loan Assn.* v. *De Celle,* 47 Cal.App.2d 409 [118 P.2d 19] and *Knapp* v. *Elliott,* 81 Cal.App.2d 667 [184 P.2d 934]. Her contention necessitates the observation that the complaint is a double-barrelled effort. It declares first that the transfers were made for the purpose of defrauding appellant. In the next breath she alleges that respondents Edwin, Jr., and Grace Kunkle orally agreed to hold the properties in trust for the benefit of Douglas, Sr., but that both son and father claim that the properties belong to the son. We have, therefore, allegations of a constructive trust commingled with allegations of an express oral trust with appellant contending that her complaint is valid while respondents affirm that the demurrer was properly sustained. ■ If the complaint be considered as an action to terminate a constructive trust the general demurrer was properly sustained on the ground that the action was brought more than three years after the fraudulent transfer and after appellant first acquired knowledge thereof. (Code Civ. Proc., § 338; *Unkel* v. *Robinson,* 163 Cal. 648, 650 [126 P. 485]; *Calkins* v. *Calkins,* 63 Cal.App. 292 [218 P. 611].) ■ The three-year limitation applies to all such actions whether the relief demanded be legal or equitable. (*Knapp* v. *Knapp,* 15 Cal.2d 237, 242 [100 P.2d 759]; *Lightner Mining Co.* v. *Lane,* 161 Cal. 689, 702 [120 P. 771, Ann.Cas. 1913C 1093].) ■ The period of limitation commences to run as soon as the aggrieved party discovers either the facts constituting the fraud or acquires such knowledge thereof as would put a reasonably prudent person on inquiry. (*Archer* v. *Freeman,* 124 Cal. 528, 532 [57 P. 474].) ■ Where the fraudulent acts complained of occurred more than three years prior to the filing of the action, to constitute a valid complaint not only must the facts constituting the fraud be declared but also the circumstances surrounding the discovery must be so alleged as to disclose that the action is not barred by the statute of limitations. (*Lady Washington Consolidated Co.* v. *Wood,* 113 Cal. 482, 487 [45 P. 809].) ■ The statute commences to run when the cause of action accrues. ■ Thus, if the trust alleged be deemed one

arising from a fraudulent transfer, the complaint is not sufficient for the reason that no excuse is pleaded for the protracted delay in filing the complaint and the demurrer was well taken on that score. ▮ In controversies over express trusts the cause of action accrues on the day the defendant repudiates the trust. (*Lamb* v. *Lamb*, 171 Cal. 577 [153 P. 913].)

Looking at the complaint as one to terminate an express trust there are two factors for appraisal. Was the trust written or oral? If it was written, we must first ascertain whether it has ever been repudiated. ▮ The trust relied upon by appellant is "an express oral trust." Although the complaint declares the legal conclusion that the trust has never been repudiated, that allegation is followed by the evidentiary statement that both father and son "claim that none of said properties was or is held in trust; that defendants . . . both claim that said properties are and each of them is the properties of Edwin S. Douglas, Jr." Construing the pleading most strongly against the pleader, the conclusion cannot be obviated that the parties "claim that none of said properties is so held in trust." Since the complaint makes no distinction between the claims of respondents now and in 1944 when she first had knowledge of the transfers, it must be concluded that she knew that at the date of the conveyances father and son claimed the deeds to have been in fee simple and that thereby she learned they repudiated the very idea of a trust. If the alleged trust was repudiated in 1944, by what process of reasoning could the charge of laches on the part of appellant be overcome? Appellant was married to Douglas, Sr., in April, 1941, he sued her for divorce in April, 1944, and she filed her cross-complaint in June. Their controversies have been continuous since that time. With such agitation as must perforce have occupied appellant's attention and have reminded her of her alleged rights in properties conveyed by her husband to his son, her failure to proceed with an action to annul the conveyances of the several properties cannot be explained upon any theory consistent with diligence. When she filed this action May 18, 1950, her claim here asserted had become stale. To allow the trial of a claim thus delayed would place a premium upon laches instead of forestalling further effort on the part of a tardy litigant. Conceding, *arguendo*, the trust to have been created by writings, since appellant had knowledge of the existence of her

asserted rights against respondents, a presumption arises that her long delay has resulted in prejudice to them. (*McGibbon* v. *Schmidt*, 172 Cal. 70, 74 [155 P. 460]; *Title Insurance & Trust Co.* v. *California Development Co.*, 171 Cal. 173, 218 [152 P. 542]; 10 Cal.Jur., p. 528, § 65.) The foregoing applies with equal force to the chattels mentioned in the pleading. In fact, by reason of their perishable nature even greater diligence was essential to their preservation than in the case of realty.

But the allegation upon which appellant primarily relies is that the trust created is "an express, oral trust." Her theory is that notwithstanding the conveyances of the properties were made for the purpose of defrauding her, still her husband continued to be the beneficial owner of the properties; that only the "mere naked legal title" was conveyed to Edwin, Jr. and Grace. It is true that under our holding in *Alhambra Building & Loan Assn.* v. *De Celle*, 47 Cal.App.2d 409, 412 [118 P.2d 19], a conveyance of land to a grantee who is to hold it in a secret trust for the true owner may be cancelled by a decree in equity when not inhibited by equitable principles. In the Alhambra case Mrs. De Celle owed the plaintiff a judgment in the sum of about $8,000. After the entry of such judgment she purchased a lot and caused title to be placed in the names of her relatives to be held in trust for her. She continued to be the beneficial owner; the grantees held the naked legal title. She continued in actual possession of the transferred property and retained absolute control over it, unlike Douglas, Sr., in the instant case. The inference from the complaint herein is that an actual transfer was made rather than a mere secret paper transaction, and accordingly the doctrine of laches is more readily applicable.

Moreover, the Alhambra decision indicates that the three-year statute of limitations would have operated to defeat the claim save for the express trust allegation. But there was no discussion of this point although the trial court found that the plaintiff did not learn of the transfer until two weeks before filing the action. Certainly that decision is not authority for the proposition that there is no applicable statute of limitation whatsoever, or that such proceedings may be instituted at any time regardless of delay. ■ The policy of the law is to prevent stale claims from springing up after the lapse of long periods of time and pursuant to this policy, statutes of limitations are enacted on the presumption that one having a well-founded claim will not delay enforcing it

beyond a reasonable time. (*Barclay* v. *Blackinton,* 127 Cal. 189, 196 [59 P. 834].)

The instant cause of action "died a-bornin'." Before the complaint was filed appellant had become enmeshed in the knowledge of her rights and her delays in asserting them. To approve of her complaint and allow the prosecution of her alleged cause would be to denounce the philosophy of the principle which abhors laches in the prosecution of claims.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.