[L. A. No. 22650. In Bank. Aug. 19, 1953.]

LILLIAN F. SCHLOTHAN et al., Appellants, v. FRANK RUSALEM et al., Respondents.

Phillip Barnett for Appellants.

Hilton H. McCabe for Respondents.

SPENCE, J.—Plaintiffs appeal from a judgment of dismissal entered upon motion of defendants pursuant to Code of Civil Procedure, section 581, subdivision (3), which provides that ''an action may be dismissed . . . when either party fails to appear on the trial and the other party appears and asks for the dismissal. . . .'' The determinative question is whether the trial court abused its discretion in ordering the dismissal of the action under the circumstances hereinafter set forth. Plaintiffs so contend and the record sustains their position.

The action (to reform a deed to real property in Palm Springs) was commenced on August 10, 1950. After the cause was at issue, a pretrial conference was had in Indio on February 18, 1952, at which plaintiffs' counsel, Philip Barnett, appeared, ready for trial.[1] Plaintiffs and defendants resided in Palm Springs, and defendants' counsel had his office there. Plaintiffs' counsel maintained his office in San Francisco, some 500 miles distant from Indio. At the mentioned conference the trial was set for March 6, 1952. On that day plaintiffs' counsel, Mr. Barnett, and their witnesses appeared in Indio, ready for trial. Neither plaintiffs nor their counsel had been notified that the court was to be engaged in another trial on the assigned day or that no other provision was to be made for their proceedings as scheduled. The case was then continued to April 25, 1952.

---

[1]The letter to counsel from the presiding judge directing the pretrial appearance stated: ''The case is scheduled for pretrial Monday, February 18. I suggest you have your matter ready for trial when you go into the pretrial conference February 18. . . . ''

It appears that plaintiffs' counsel, Mr. Barnett, mailed to defendants' counsel and to the court on April 14, 1952, a notice of motion for continuance of the trial, with supporting affidavit declaring that he would be unable to be present in Indio on April 25 because another case in which he was engaged was scheduled to be on trial in New York at that time. The trial court (through no fault of plaintiffs' counsel) did not receive the original documents until April 25, but a copy thereof, received by defendants' counsel was utilized by the court in its denial of the motion on April 21.

On April 25, Rodney H. Robertson, an associate of Mr. Barnett, appeared in court, ready to proceed with the trial in view of Mr. Barnett's absence in New York. Again the court was engaged in another trial, a personal injury action, wherein arguments were then being made to the jury, but neither plaintiffs nor their counsel had been previously advised of the developing situation. Mr. Robertson renewed plaintiffs' request for a continuance and presented the further ground, by affidavit of Mr. Barnett, that the latter was a material witness and was prepared to testify as to the various contracts and oral statements made between the parties in their negotiations. The court stated that it was apparent that the trial could not commence that day as scheduled but a continuance to a definite date would not be granted and the case would have to "trail." April 25 was a Friday. Mr. Robertson, being the only other lawyer in Mr. Barnett's office and having other legal matters then to attend in San Francisco incident to their recalendaring so as to meet the requirements of the Indio trial date, asked the court: "Do you try matters on Monday?" The court answered: "Not normally, it is calendar day and pretrial calendar, but it will follow at the very earliest opportunity, it will be the next case tried, I can assure you of that, that's all I can say, you will trail." In the course of the previous discussion, defendants' counsel had expressed his agreement that the matter "trail" and "in the ordinary course of things . . . would therefore be heard possibly on Tuesday or Wednesday of [the] next week." It is thus apparent that counsel for both plaintiffs and defendants left the courtroom with the understanding that plaintiffs' case would not be called for trial on Monday, April 28.

Trial of the personal injury action was concluded about 6:30 p. m. on Friday, April 25. On Monday, April 28, in the afternoon, the trial court called the present case for

trial and counsel for defendants announced that he was ready to proceed. Mr. Robertson, substituting for Mr. Barnett who was in New York, was not present; he had returned to San Francisco firm in his belief that the case would not be called for trial prior to Tuesday, April 29, the next regular trial day. As above noted, the court in its ambiguous statement had so indicated; and the clerk of the court had similarly assured Mr. Robertson, upon the latter's inquiry on April 25, that "Monday [April 28] was a motion and pretrial conference day [so that] the case would undoubtedly not be heard that day . . . and in all probability would be tried on or about Wednesday, April 30, 1952." The court granted defendants' motion for a dismissal after stating: "Counsel were . . . advised [when the continuance was ordered on April 25] that if the case concluded on the twenty-fifth that was then on trial, that in all probability the trial of this case . . . would take place on Monday, being today, the 28th day of April." Accordingly, the judgment of dismissal was entered.

The granting or refusal of a continuance is a matter of discretion with the trial court and its ruling will not ordinarily be disturbed. (5 Cal.Jur. 968, § 5; *May* v. *Rosen*, 91 Cal.App.2d 794, 798 [205 P.2d 1118]; *Maynard* v. *Bullis*, 99 Cal.App.2d 805, 807 [222 P.2d 685].) In view of the conclusion hereinafter reached, we may assume for the purpose of this discussion that there was no abuse of discretion on the part of the trial court in denying on April 21 and on April 25 plaintiffs' motions for a continuance to a definite date. Upon such denial on April 25, the trial court ordered that the cause "trail" the case then on trial.

This last-mentioned order appears to be the type of order frequently made under such circumstances; and while such orders may have the effect of causing inconvenience at times to certain counsel and litigants, they are not to be condemned when reasonably used in the interest of the expedition of the administration of justice.

The record, however, supports plaintiffs' contention that thereafter the trial court abused its discretion in dismissing the action on Monday, April 28, because of the failure of plaintiffs' counsel to appear on that day. Such dismissal was based upon the trial court's erroneous assumption that said counsel had been "advised . . . that in all probability the trial of this case . . . would take place on Monday, being today. . . ." No such advice had been given to plaintiffs'

counsel, but on the contrary, every statement made on April 25, including the ambiguous statement made by the trial court, indicated that the cause would not be called for trial before Tuesday, April 29, as Monday, April 28, was the regular "calendar and pretrial" day, on which day cases were "not normally" tried. It therefore appears that Mr. Robertson was justified in assuming that he could safely return to San Francisco to arrange his affairs and then return to Indio on Tuesday prepared for trial rather than remain in Indio over the weekend awaiting the calling of the case for trial on the following Tuesday, or possibly not until the following Wednesday. Under these circumstances we must conclude that despite the unquestioned sincerity of the learned trial judge in his belief of the nature of the advice which had been given to counsel and his commendable desire to expedite the business of a busy court, it was an abuse of discretion to dismiss the action upon the calling of the cause for trial on the afternoon of Monday, April 28, solely because of the failure of plaintiffs' counsel to appear at that time.

There is nothing in the record which would indicate that plaintiffs' counsel had been dilatory or lacking in diligence in proceeding with the case, or had been otherwise than cooperative with both court and defendants' counsel in undertaking to bring the case to early trial. Including the pretrial conference, counsel for plaintiffs, without having had a trial on the merits, had been put to the expense and loss of time incident to three round trips to Indio from San Francisco, and through no fault of plaintiffs or their counsel, such trips had been unproductive. In view of all the circumstances, it must be concluded that the court, in ordering the dismissal, acted arbitrarily and without fair regard for the rights of both litigants to have the case determined on its merits. By reason of such abuse of its discretion, the court's order dismissing the present action cannot be sustained.

The judgment is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.