[Civ. No. 24667. Second Dist., Div. Three. Nov. 18, 1960.]

BEN COHEN et al., Respondents, v. BOW HERBERT et al., Appellants.

George O. West and John D. Gray for Appellants.

Loeb & Loeb, John L. Cole and Jerome L. Goldberg for Respondents.

VALLÉE, J.—Appeals by defendants Bow and Nancy Herbert from an order appointing a receiver. They also appeal from orders denying their motions for a continuance of the hearing of plaintiffs' motion for an order appointing a receiver. ▋ The orders denying a continuance are not appealable (*Estate of McCarthy,* 23 Cal.App.2d 395, 396 [73 P.2d 913]), and those appeals will be dismissed. They are reviewable on the appeals from the order appointing a receiver. The appeals are here on a clerk's transcript and a settled statement.

In compliance with rule 7, Rules on Appeal, each defendant stated in effect as his and her points on appeal that the court abused its discretion in denying them a continuance. We have concluded the points are well founded.

The action was filed on October 26, 1959. The complaint alleged that Bow and Nancy Herbert are general partners, and plaintiffs and Bow Herbert are limited partners in a limited partnership which operates a card club in Gardena known as The Horseshoe Club. On information and belief, it is alleged that Bow Herbert made various improper charges against partnership accounts, commingled assets and liabilities of the partnership with other entities under his control, and that he had failed to account. It is alleged, also on information and belief, that Bow and Nancy Herbert have charged numerous personal living and traveling expenses to the partnership. The prayer was for the appointment of a receiver of The Horseshoe Club, for an accounting, for declaratory relief, and for damages.

The summons and complaint were served on Bow Herbert

on October 26, 1959. The summons and complaint were delivered to a constable in the County of Riverside on November 25, 1959, and served on Nancy Herbert on December 2, 1959. An order to show cause why a receiver should not be appointed was issued on November 30, 1959, returnable December 14, 1959, at 9:30 a.m. In support of the order to show cause plaintiffs filed four affidavits and a memorandum of points and authorities. It was ordered that a copy of the order to show cause with copies of the affidavits and memorandum "together with a copy of the summons and complaint" be served on each of the defendants at least five days prior to the date of hearing. The order to show cause, affidavits and memorandum were served on Bow Herbert on November 30. The order to show cause was served on Nancy Herbert on December 2.

When the order to show cause was called for hearing on December 14, 1959, plaintiffs were represented by counsel; Bow Herbert was represented by Mr. George O. West, and Nancy Herbert was represented by Mr. John Gray. The date of the hearing, December 14, 1959, fell on a Monday. Counsel for each defendant made a motion for a continuance of one week. It appears from the settled statement that in lieu of affidavits the court accepted oral statements of counsel in support of the motions.

Mr. West stated: Bow Herbert had consulted Mr. Vincent Blumberg, an attorney at law; because of a conflict of interest, Mr. Blumberg was forced to withdraw, whereupon he (Mr. West) was employed as attorney for Bow Herbert. When employed he (Mr. West) had used diligence in attempting to obtain copies of the pleadings and motion papers from Mr. Blumberg but was unable to do so. He sought copies from plaintiffs' attorneys and was informed they did not have any complete copies. He did not receive copies of the complaint, summons, order to show cause, and supporting papers until Friday, December 11, 1959. On the evening of December 11 he was compelled to attend a mandatory meeting of the United States Army Reserve from 7:30 p.m. until 9:40 p.m. He worked the following day, December 12, on the subject matter of the suit at the County Law Library. On Sunday, December 13, he was compelled to attend a mandatory meeting of the United States Army Reserve from 8 a.m. to 5 p.m. and had been unable to work on the suit during that time. The complaint and exhibits were 45 typewritten pages in length. The order to show cause, supporting

affidavits, and memorandum of points and authorities were 25 pages in length. He had not had sufficient time to familiarize himself with the pleadings and affidavits, and had not sufficient time to confer with his client. He could not therefore meet the contentions raised by plaintiffs, and requested a continuance of one week in order to have an affidavit of Bow Herbert prepared to meet the claims of mismanagement made by plaintiffs and prepare and submit a memorandum of points and authorities.

Mr. Gray stated: Nancy Herbert had been served with copies of the complaint, summons, order to show cause, affidavits, and memorandum of points and authorities in Palm Springs, County of Riverside, on December 3, 1959. They were mailed to him at his office in Los Angeles and received by him on December 9. He asked plaintiffs' counsel for a brief continuance but was refused. He had been engaged in trial in the superior court on December 10 and 11. The pleadings and motion were extensive and voluminous and he had not had an opportunity to confer with his client regarding the matters advanced by plaintiffs as grounds for the appointment of a receiver. Defendants had been operating the partnership about 10 years. The business showed a profit for the current period. Plaintiffs' position could not be jeopardized by a brief continuance to present the position of Nancy Herbert. The business earned a profit of $40,000 for the quarterly period ending October 25, 1959. The business had a gross income of about $2,000,000 a year, on which it showed net earnings of about $500,000 for the past year. The contentions raised by plaintiffs were based on comparatively minor matters insofar as dollar amount was concerned, and were about items that had been reflected on the statements of the business for the past several years. Plaintiffs would not be prejudiced by a brief delay. No showing to the contrary of the statements of defendants' counsel was made.

The motions were denied. The court then heard arguments of counsel on the order to show cause and ordered the matter submitted. Mr. Gray asked leave to submit a memorandum of points and authorities. The request was denied, the court stating the matter would be decided that day. Later that day a minute order was made appointing a receiver of The Horseshoe Club. The next day a formal, written order was signed and filed. The written order not only appointed a receiver and ordered him to take possession of all the property and assets of the partnership and to operate the same, but

also enjoined defendants from "interfering with the operation or control of said receiver or from interfering with his actions in accordance with this order and said defendants are ordered to deliver up to said receiver the possession and control of any property or assets of said limited partnership which are within the possession or control of said defendants."

While a motion for a continuance should be supported by an affidavit stating the facts and circumstances showing cause for postponement, the requirement is not jurisdictional and may be excused. (*Winkie* v. *Turlock Irr. Dist.*, 24 Cal.App.2d 1, 6 [74 P.2d 302].) It appears to have been excused in the present case.

The granting or refusal of a continuance is a matter of discretion with the trial court and its ruling will ordinarily not be disturbed. (*Schlothan* v. *Rusalem*, 41 Cal.2d 414, 417 [280 P.2d 68].) While the trial court has a wide discretion in acting on a motion for a continuance, such discretion may not be arbitrarily exercised. (*Eckert* v. *Graham*, 131 Cal.App. 718, 721 [22 P.2d 44].)

In *Gossman* v. *Gossman*, 52 Cal.App.2d 184, this court stated (p. 195 [126 P.2d 178]); "The term 'judicial discretion' was defined in *Bailey* v. *Taaffe*, (1866) 29 Cal. 422, 424, as follows: 'The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia*, but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.' "

In the early case of *Lybecker* v. *Murray*, 58 Cal. 186, the court stated (p. 189): "Under no circumstances is the discretion of the Court to be exercised arbitrarily, but it is a discretion, governed by legal rules, to do justice according to law or to the analogies of the law, as near as may be. . . . It must be exercised within the limitations above stated to promote substantial justice in the case."

Liberality should be exercised in the granting of continuances to obtain the presence of material evidence and to prevent miscarriages of justice. (*Canal Oil Co.* v. *National Oil Co.*, 19 Cal.App.2d 524, 535 [66 P.2d 197].)

When an attack is made on a discretionary procedural order of the court, we may deduce that the order was not made in the exercise of sound discretion if the record indicates that such order resulted in probable or possible

494

prejudice to a party. (*County of San Diego* v. *Bank of America,* 135 Cal.App.2d 143, 148 [286 P.2d 880].) ▆ As said in the recent case of *Whalen* v. *Superior Court,* 184 Cal.App.2d 598, 601-602 [7 Cal.Rptr. 610]): ''We conceive it to be the duty of a reviewing court to intervene when the uncontradicted facts clearly indicate that the trial court had a duty to grant a requested continuance for a reasonable period and that its refusal to do so much be construed as amounting to an abuse of its discretion.''

▆ The trial judge must exercise his discretion with due regard to all interests involved. The denial of a continuance which has the practical effect of denying the applicant a fair hearing is often held reversible error. (*Jaffe* v. *Lilienthal,* 101 Cal. 175, 178 [35 P. 636]; *Swayne & Hoyt, Ltd.* v. *Wells-Russell & Co.,* 169 Cal. 204, 207-208 [146 P. 686]; *Luse* v. *Peters,* 219 Cal. 625, 628-629 [28 P.2d 357]; *People* v. *Sarazzawski,* 27 Cal.2d 7, 17 [161 P.2d 934]; *Schlothan* v. *Rusalem,* 41 Cal.2d 414, 417-418 [260 P.2d 68]; *Dunlap* v. *Plummer,* 1 Cal.App. 426, 427 [82 P. 445]; *Betts Spring Co.* v. *Jardine Mach. Co.,* 23 Cal.App. 705, 706-707 [139 P. 657]; *Pacific Gas etc. Co.* v. *Taylor,* 52 Cal.App. 307, 310 [198 P. 651]; *Robinson* v. *El Centro Grain Co.,* 133 Cal.App. 567, 573 [24 P.2d 554]; *People* v. *Simpson,* 31 Cal.App.2d 267, 272 [88 P.2d 175]; *Winkler* v. *Winkler,* 54 Cal.App.2d 398, 404 [129 P.2d 43]; *Broadwell* v. *Ryerson,* 85 Cal.App.2d 352, 357 [192 P.2d 797]; *Ingold* v. *Municipal Court,* 85 Cal.App.2d 651, 652-653 [193 P.2d 808]; *Miller* v. *Republic Grocery, Inc.,* 110 Cal. App.2d 187, 190-191 [242 P.2d 396]; *Hays* v. *Viscome,* 122 Cal.App.2d 135, 140 [264 P.2d 173]; *Crosby* v. *Martinez,* 159 Cal.App.2d 534, 539-540 [324 P.2d 26]; 2 Witkin, California Procedure, 1747.)

The order to show cause commanded defendants to show cause ''why a receiver should not be appointed with the usual powers to operate, manage, control and conserve the assets of The Horseshoe Club, a limited partnership.'' As stated earlier, the order appointing the receiver enjoined defendants from interfering with the operation and control of the receiver and ordered them to deliver to the receiver possession and control of the property and assets of the partnership. ▆ Code of Civil Procedure, section 527, provides that before a preliminary injunction may be granted ''The defendant, however, shall be entitled, as of course, to one continuance for a reasonable period, if he desires it, to enable him to meet the application for the preliminary injunction.'' While this

provision may refer to a hearing of an application for a preliminary injunction on an order to show cause after the granting of a temporary restraining order (see *Wutchumna Water Co.* v. *Superior Court*, 215 Cal. 734, 739-740 [12 P.2d 1033]), and a temporary restraining order had not issued at bar, it clearly indicates that the defendant shall have ample time to enable him to meet the application.

 The power of a court to appoint a receiver is a delicate one, and is to be exercised with caution lest injury be done to the parties and their properties. (*Dabney Oil Co.* v. *Providence Oil Co.*, 22 Cal.App. 233, 238-239 [133 P. 1155].)

 The remedy is an extraordinary and harsh one, to be allowed cautiously and only where less onerous remedies would be inadequate or unavailable. (*Alhambra etc. Mines* v. *Alhambra G. Mine Corp.*, 116 Cal.App.2d 869, 872 [254 P.2d 599].) Courts should grant reasonable time to parties to prepare for a hearing on an application for the appointment of a receiver. It is much better to "make haste slowly" with the view of allowing the parties a reasonable time to prepare. (*Estate of Bollinger*, 145 Cal. 751, 752-753 [79 P. 427].) So serious a matter as the appointment of a receiver should not be made without a full and complete hearing unless the due administration of justice clearly requires it.

 The showing made by defendants was most persuasive. We find nothing in the record showing a lack of diligence or of good faith on their part. One of the affidavits filed in support of the motion for appointment of a receiver shows that operations of the partnership during the fiscal year ending September 27, 1959, resulted in a net profit of $546,500, and that of this amount $536,010 had been distributed to the partners. There was no showing that plaintiffs would be prejudiced in any way by a continuance of only one week. The delay requested was not unreasonable. More than a month and a half had elapsed between the filing of the complaint and the hearing on the order to show cause. There was no showing that defendants could not respond in damages if the business continued in operation under the management of Bow Herbert for one week, if during that time any damage was sustained. We are not unmindful of the fact that it is the duty of a trial court to insist that matters of this kind be heard and determined with such dispatch as the exigencies of the matter will permit. Attributing full significance to the rule that clothes the trial court with a large discretion

in matters of this kind, in a case such as this in which the property and business is sought to be taken against the will of the general partners, the owners of the majority interest, and they are to be enjoined from taking any part in the business, they should have been extended every legal consideration to enable them to show that a receiver should not be appointed.

We have concluded that considering the facts and circumstances shown by the record there was a clear abuse of discretion in denying the motions for a continuance of only one week. We do not believe the discretion was ''exercised in accordance with the spirit of the law and with a view to subserving, rather than defeating, the ends of substantial justice.'' (*Jepsen* v. *Sherry,* 99 Cal.App.2d 119, 121 [220 P.2d 819, 822].)

We do not pass on defendants' contention that the showing made by plaintiffs was insufficient to warrant appointment of a receiver, nor do we imply that we deem it to be sufficient.

The appeals from the order denying a continuance are dismissed. The order appointing a receiver is reversed.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied December 12, 1960, and respondents' petition for a hearing by the Supreme Court was denied January 4, 1961. Schauer, J., was of the opinion that the petition should be granted.