**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: CATHERINE Z. CASS,<br><br>Debtor,<br><br>———————————————————<br><br>CHARLES W. DAFF, Chapter 7 Trustee,<br><br>Appellant,<br><br>v.<br><br>JAMES WALLACE; REBECCA WALLACE; GLORIA SUESS,<br><br>Appellees. | No. 13-60032<br><br>BAP No. 12-1513<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Pappas, and Taylor, Bankruptcy Judges, Presiding

Submitted May 5, 2015[**]
Pasadena, California

Before: PREGERSON, TALLMAN, and NGUYEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant Charles W. Daff, Chapter 7 Trustee ("Trustee") challenges the bankruptcy court's grant of summary judgment in favor of Appellees James Wallace, Rebecca Wallace, and Gloria Suess ("Judgment Creditors") on their counterclaims for declaratory and injunctive relief. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm on the narrow basis that, despite her fraudulent transfer, Catherine Z. Cass ("Debtor") retained an equitable interest in the Residence to which Judgment Creditors' lien attached.

As an initial matter, the doctrines of claim preclusion (res judicata) or issue preclusion (collateral estoppel) do not preclude Judgment Creditors from arguing that Debtor retained an equitable interest in the Residence. Under either California or federal preclusion law, a subsequent lawsuit must raise the same claim or issue as the prior lawsuit. *Compare Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010) (discussing the elements of California claim preclusion and issue preclusion), *with Littlejohn v. United States*, 321 F.3d 915, 919–20, 923 (9th Cir. 2003) (discussing the elements of federal claim preclusion and issue preclusion). Whether applying the California "primary rights" test or the federal "transactional nucleus of facts" test to determine the similarity of claims and issues between the prior lawsuit and the current lawsuit, Trustee's arguments fail. *See Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (setting forth the California and federal tests).

2

The bankruptcy court held that the Avoidance Judgment[1] entered in the prior lawsuit did not address "(1) whether the judgment lien from the recorded abstract of judgment attached to the Debtor's property," or "(2) whether the judgment lien is superior to Trustee's interests," which are at issue in this case. We must give substantial deference to the bankruptcy court in its interpretation of its own order, i.e., what the Avoidance Judgment did and did not resolve, and we find that the bankruptcy court did not abuse its discretion in making such a determination. *See, e.g.*, *In re Marciano*, 459 B.R. 27, 35 (B.A.P. 9th Cir. 2011) ("We owe substantial deference to the bankruptcy court's interpretation of its own orders and will not overturn that interpretation unless we are convinced that it amounts to an abuse of discretion." (quoting *In re Res. Tech. Corp.*, 624 F.3d 376, 385 (7th Cir. 2010))), *aff'd*, 708 F.3d 1123 (9th Cir. 2013). In addition—to the extent that there is any overlap in the issues or claims—when the parties entered into a stipulation dismissing without prejudice the non-adjudicated claims in the prior lawsuit, they expressly agreed that "the remaining claims between the Trustee and the Judgment Creditors may be

---

[1] Trustee did not raise in this appeal his previous argument that the bankruptcy court's "Homestead Exemption Order" precludes Judgment Creditors' counterclaims. Even if this argument had not been waived, it would fail because the bankruptcy court correctly found that "the issue of the perfection of [the] judgment lien was not an issue decided in the prior litigation over the claimed homestead exemption and was not actually and necessarily decided in the court's denial of the claimed homestead exemption."

3

adjudicated in the Declaratory Relief Adversary" and that the dismissal "shall not give rise to any adverse legal or other effect on any party or issue to be determined in [the Declaratory Relief] Adversary[.]"

Judgment Creditors are not judicially estopped from arguing that Debtor retained an equitable interest in the Residence. The position taken by Judgment Creditors in the prior litigation to avoid and set aside Debtor's fraudulent transfer is not inconsistent with their position in this case to seek to attach their lien to Debtor's equitable interest in the Residence. *See Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) ("The doctrine of judicial estoppel . . . is invoked to prevent a party from changing its position over the course of judicial proceedings when such positional changes have an adverse impact on the judicial process." (quotation omitted)). In pursuing their positions, Judgment Creditors have not made inconsistent factual assertions. *See id.* ("Judicial estoppel is most commonly applied to bar a party from making a factual assertion in a legal proceeding which directly contradicts an earlier assertion made in the same proceeding or a prior one." (citation omitted)).

Turning to the merits of the appeal, there is no dispute that Debtor fraudulently transferred the Residence to her daughter. Debtor transferred the Residence without receiving any consideration, continued to live in the Residence after the transfer, and obtained a written promise that her daughter would return the Residence upon request.

4

Debtor therefore retained an equitable interest in the Residence even though her daughter held legal title to it. *See Alhambra Bldg. & Loan Ass'n v. DeCelle*, 47 Cal. App. 2d 409, 411–12 (1941) (affirming that by holding the property in "secret trust" for the transferor, the transferee had "mere naked legal title" to the fraudulently conveyed property, whereas the transferor "was and at all times had been the beneficial owner"); 30 Cal. Jur. 3d *Enforcement of Judgments* § 118 (2015) ("Where only nominal title is conveyed to a third party by the judgment debtor, the debtor's beneficial interest in the property is liable for the debts of subsequent creditors as well as those existing at the time of the transfer.").

After Debtor's conveyance but before she filed for Chapter 7 bankruptcy, Judgment Creditors obtained a judgment lien against Debtor by recording an abstract of a tort judgment for $320,000 with the Orange County Clerk-Recorder. Cal. Civ. Proc. Code § 697.310(a). Judgment Creditors' lien attached to Debtor's equitable interest in the Residence. *Id.* § 697.340(a) ("A judgment lien on real property attaches to all interests in real property in the county where the lien is created (whether present or future, vested or contingent, legal or equitable) that are subject to enforcement of the money judgment against the judgment debtor . . . ."); *Fid. Nat'l Title Ins. Co. v. Schroeder*, 179 Cal. App. 4th 834, 849 (2009) ("California law provides that a

judgment lien attaches to *all* interests in real property, including *equitable* interests."
(emphasis in original)).

That Trustee successfully avoided Debtor's fraudulent transfer under California Civil Code §§ 3439.04 and 3439.07 does not thereby extinguish Judgment Creditors' secured claim. Trustee points to 11 U.S.C. §§ 550 and 551—allowing a trustee to recover and preserve, "for the benefit of the estate," a property whose transfer was avoided—neither of which provide support for the notion that a perfected judgment lien is eliminated by an avoidance action. *Cf.* Cal. Civ. Proc. Code § 697.400 (perfected judgment liens are extinguished by the recording of an acknowledgment of satisfaction of the underlying judgment or by the judgment creditor's release of the lien). In a case factually similar to our own, a Minnesota bankruptcy court noted:

> 11 U.S.C. § 551 does not operate to somehow make [the judgment creditor's] perfected lien disappear upon the Trustee's later avoidance of the transfer. Section 551 preserves an avoided transfer only with respect to property of the estate. It is intended to prevent junior lienors from improving their position at the expense of the estate when a senior lien is avoided. It is not intended to strip from recovered property, interests equal or senior to the transfer avoided. [The judgment creditor's] general judgment lien attached to the property upon docketing of the judgment, and, from the filing of the bankruptcy case, it remained at all times an interest senior to the bankruptcy estate's interest in the property. The lien was not extinguished or subordinated to the bankruptcy estate's interest by § 551, as it was at all times senior to the transfer avoided and recovered, namely—the Debtors' interest.

6

*In re Mathiason*, 129 B.R. 173, 177 (Bankr. D. Minn. 1991), *aff'd*, 16 F.3d 234 (8th Cir. 1994) (citations omitted). By contrast, Trustee's reliance on *In re Saylor*, 178 B.R. 209 (B.A.P. 9th Cir. 1995), *aff'd*, 108 F.3d 219 (9th Cir. 1997), is unavailing because that case did not address a judgment creditor's lien rights.

Trustee's reliance on the language in the Avoidance Judgment that the estate recovered "all legal title to, *and beneficial interest in*, the real property" is similarly unavailing. The estate's recovery of beneficial interest in the Residence does not prevent it from satisfying Judgment Creditors' previously secured, senior interest.

**AFFIRMED.**