Filed 3/25/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| J.M., | B296295 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STRO00129) |
| v. | |
| W.T., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura Hymowitz, Commissioner. Reversed.

J.M., self-represented litigant, for Plaintiff and Appellant. No appearance by Defendant and Respondent.

_____

## I. INTRODUCTION

Plaintiff J.M. appeals from an order denying his petition for a domestic violence protective order pursuant to Family Code[1] section 6200 et seq., the Domestic Violence Prevention Act

_____

[1]    Further statutory references are to the Family Code.

(DVPA). Plaintiff contends that the trial court abused its discretion in denying his request for a continuance of the hearing and in denying the protective order. We reverse.

## II. BACKGROUND

On January 8, 2019, plaintiff filed a request for a domestic violence protective order against defendant W.T. Plaintiff alleged that he and defendant had been in a dating relationship that included incidents of abuse. Specifically, plaintiff alleged that on December 23, 2017, defendant threw a book at plaintiff and yelled at him. On January 13, 2018, defendant called plaintiff a "'fucking cunt'" repeatedly over the phone. On January 20, 2018, defendant hit plaintiff with a closed fist multiple times, leaving him with bruises on the leg and chest. That same day, during sex, defendant bit plaintiff on the right side of his torso, breaking the skin. On February 2, 2018, defendant sent text messages to plaintiff threatening to hurt a dog that defendant had recently adopted. Defendant was angry and jealous that the dog had chosen to lay on the couch with plaintiff instead of with defendant. On February 20, 2018, defendant drove recklessly with plaintiff in the car. Defendant also yelled at plaintiff and punched the steering wheel. On March 17, 2018, defendant demanded to be allowed into plaintiff's condominium. After being allowed in, defendant screamed at plaintiff, blocked plaintiff's movements, and flailed his arms. Defendant noticed plaintiff had installed security cameras and he demanded that plaintiff turn them off.

On January 8, 2019, the trial court issued a temporary restraining order against defendant. The court scheduled the DVPA hearing for January 29, 2019. (§ 242.)

On January 24, 2019, plaintiff submitted a request to continue the DVPA hearing using Judicial Council Form DV-115. As to item 1, part b, plaintiff checked box one, indicating that he needed a continuance because he "could not get the papers served before the hearing date." He also checked box four, "[o]ther good cause," explaining that he was scheduled to undergo a medically-necessary spinal surgery on January 28, 2019, the day before the scheduled hearing, and had not learned about the date for the surgery until January 15, 2019. According to plaintiff, this was his second spinal surgery and he anticipated that he would "be physically unable to stand or sit for any length of time and [would] be unable to walk or care for [him]self without substantial assistance for a period of several days, as was the case with the previous surgery." Plaintiff further explained that he would likely require medication after the surgery, which would impair his ability to competently and adequately present evidence at the hearing, including his own testimony.

On January 29, 2019, the trial court held the DVPA hearing. Neither of the parties appeared. The court dismissed plaintiff's request for a protective order, stating: "This one is dismissed with prejudice. The most recent incident happened ten months ago, so it is dismissed with prejudice."[2]

---

[2] We note that "[t]he length of time since the most recent act of abuse is not, by itself, determinative. The court shall consider the totality of the circumstances in determining whether to grant or deny a petition for relief." (§ 6301, subd. (c).)

3

The trial court also denied plaintiff's request for a continuance and issued an order stating: "The requesting party did not appear at the January 29, 2019[,] hearing. This request was received by the [c]ourt on January 24, 2019. Request to continue a hearing prior to the scheduled hearing date must be submitted to Department 2C by way of an Ex-Parte Application."

On March 11, 2019, plaintiff timely filed a notice of appeal of the January 29, 2019, order.

## III. DISCUSSION

Plaintiff contends that the trial court erred by denying his request for a continuance of the hearing and his request for a domestic violence protective order. We address the denial of plaintiff's request for a continuance first.

A.    *Legal Authority*

Pursuant to section 245, subdivision (b): "Either party may request a continuance of the hearing [under the DVPA], which the court shall grant on a showing of good cause. The request may be made in writing before or at the hearing or orally at the hearing. The court may also grant a continuance on its own motion."

The failure to grant a requested continuance is reviewable on appeal from the judgment. (*Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 527.) "Trial courts generally have broad discretion in deciding whether to grant a request for a continuance." (*Ibid*.) "The denial of a motion for continuance for absence of a party may constitute an abuse of discretion by the

4

trial court sufficient to justify reversal only where there is an affirmative showing of 'good cause,' such as serious illness or unforeseen circumstances which prevented a party from appearing at trial." (*Young v. Redman* (1976) 55 Cal.App.3d 827, 831; see also *In re Marriage of Teegarden* (1986) 181 Cal.App.3d 401, 406.)

B.     *Analysis*

The basis for the trial court's denial of plaintiff's request for a continuance is not clear.  The court noted that the "[r]equest to continue a hearing prior to the scheduled hearing date must be submitted to Department 2C by way of an Ex-Parte Application." It is undisputed that plaintiff submitted his request "prior to the scheduled hearing date," that is, January 24, 2019, although the court did not file it until January 29, 2019.

To the extent the trial court denied the request because plaintiff did not serve defendant with notice of either the request for a protective order or the request for a continuance before the January 29, 2019, hearing, we note that section 245 does not require any such prior service.  To the contrary, an earlier version of section 245 specifically provided that:  "The court may, upon the filing of a declaration by the petitioner that the respondent could not be served within the time required by statute, reissue an order previously issued and dissolved by the court for failure to serve the respondent."  (Stats. 2010, ch. 572, § 10.)  This language, which expressly permitted a continuance on the grounds that a petitioner had failed to serve a respondent with the request for a protective order, is inconsistent with requiring service on respondent prior to the granting of a request

5

for continuance. Section 245 was amended in January 2016 by Assembly Bill No. 1081 (2015–2016 Reg. Sess.), but the Assembly Judiciary Committee's analysis indicates that the amendment was meant to broaden, not limit, the permissible grounds for continuance: "[T]his bill allows a continuance to be granted for either party for good cause shown. As the author has correctly identified, the need for a continuance is not limited to inability of service, which is what the current law provides for petitioners." (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 1081 (2015–2016 Reg. Sess.) May 2, 2015, pp. 4–5; cf. Stats. 2010, ch. 572, § 10.)

Plaintiff's declared reasons for requesting a continuance were: that he had been unable to serve defendant prior to the hearing date; that he would be undergoing necessary spinal surgery the day before the hearing; and that as a result of the surgery, he would be unable to walk or care for himself for a period of several days. Further, plaintiff explained that his surgery had not been scheduled until January 15, 2019. In other words, this was an unforeseen circumstance. On these facts, we conclude that plaintiff demonstrated good cause for a continuance of at least a few days and the trial court thus abused its discretion by denying any continuance at all. (See, e.g., *Cohen v. Herbert* (1960) 186 Cal.App.2d 488, 492, 496 [denying a continuance of one week for defendants to prepare affidavit was an abuse of discretion].) We will reverse and remand for the trial court to schedule a new DVPA hearing. (*Ross v. Figueroa* (2006) 139 Cal.App.4th 856, 868.) We need not address plaintiff's remaining arguments concerning the trial court's denial of the request for a protective order.

6

# IV. DISPOSITION

The order denying the request for a domestic violence protective order is reversed and the matter remanded to the trial court with instructions to grant the plaintiff's request for continuance within 30 days after issuance of this court's remittitur. If plaintiff still desires a protective order, the court shall set a new hearing date. In the interests of justice, plaintiff shall bear his own costs on appeal.

KIM, J.

We concur:

RUBIN, P. J.

MOOR, J.

7