Filed 9/1/22  David S. Karton v. Musick, Peeler, Garrett CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DAVID S. KARTON, A LAW CORPORATION,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>MUSICK, PEELER, GARRETT LLP,<br><br>　　　　Defendant and Respondent;<br><br>DAVID S. KARTON,<br><br>　　　　Third Party Claimant and Appellant. | B322250<br><br>(Los Angeles County Super. Ct. No. BC206243) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, Edward B. Moreton, Jr., Judge.  Affirmed.

　　　　Benedon & Serlin, Gerald M. Serlin and Melinda W. Ebelhar for Plaintiff and Appellant David S. Karton, a Law Corporation and Third Party Claimant and Appellant David S. Karton.

Musick Peeler & Garrett, Cheryl A. Orr; Joshua P. Friedman and Associates, and Joshua P. Friedman for Defendant and Respondent Musick, Peeler & Garrett LLP.

————————————————

In 2015 and 2017, William Russell Dougherty obtained judgments against David S. Karton, A Law Corporation (the Law Corporation).  In July 2019, Dougherty assigned the judgments to Musick Peeler & Garrett LLC (Musick Peeler).

In August 2019, Musick Peeler obtained a writ of execution against bank accounts in the Law Corporation's name.  David S. Karton (the Individual), in his individual capacity and as president of the Law Corporation, filed third party claims as to two of the levied bank accounts.[1]  The court denied both claims, and the Individual, as "President of [the Law Corporation]," appealed.[2]  For the reasons given below, we affirm the order denying the claims.

_____

[1] In prior appeals between the Law Corporation and Dougherty, we used the single word, Karton, to refer to the Law Corporation.  (See *David S. Karton, A Law Corp. v. Dougherty* (2009) 171 Cal.App.4th 133, 135 (*Karton I*), *David S. Karton, A Law Corp. v. Dougherty* (2014) 231 Cal.App.4th 600, 603 (*Karton II*).  In this case, we use the phrase, "the Law Corporation," to avoid confusing it with the Individual, with whom it shares the Karton name.

[2] In addition to responding to the appeal on the merits, Musick Peeler filed a motion for sanctions against the Individual, the Law Corporation, and the law firm representing them on appeal on the ground that the appeal is frivolous.  We deny the motion.

2

## FACTUAL SUMMARY AND PROCEDURAL HISTORY

Musick Peeler is the assignee of two judgments against the Law Corporation with a cumulative principal amount of $688,538.10. In August 2019, Musick Peeler obtained a writ of execution of the judgments and instructed the Los Angeles County Sheriff's Department to levy the accounts held in the name of the Law Corporation located at City National Bank (the bank). Musick Peeler's counsel instructed the sheriff's department to levy on all accounts at a certain branch of the bank held in the name of "David S. Karton, a Law Corporation."

On October 30, 2019, the sheriff's department levied upon three accounts held at the bank. This appeal concerns two of these accounts, one with a number ending in 9403 (the 9403 account) and the other with a number ending in 5249 (the 5249 account). The amounts in these accounts are $146,306.49 and $102,025.60, respectively.

The bank informed the Law Corporation of the levies by letter dated October 30, 2019.

The Individual filed with the sheriff's department two third party claims concerning the levies. One—the 9403 claim—states it is filed by the Individual "solely as an individual, and not as an officer, shareholder or employee of [the Law Corporation]." This claim addressed the funds in the 9403 account, which the Individual described as a "retirement account," a "retirement plan," and "a profit sharing plan." (Capitalization omitted.) According to the Individual, "the funds in this account belong to the third party claimant and other third parties" and "are not the property of the Law Corporation." The claim did not provide an estimate of the value of the Individual's claim and did not include

3

or attach any documents evidencing the Individual's or any third party's interest in the account.

The Individual filed the second third party claim—the 5249 claim—"as President of David S. Karton, A Law Corporation ('the Law Corporation'), . . . on behalf of all clients of the Law Corporation whose funds are held in account [5249]." The 5249 claim is supported by the Individual's declaration stating that the 5249 account is a client trust account titled, "Law Offices of David S. Karton Client's Trust Account," and that the funds in the account "are not property of the Law Corporation." The Individual stated that the value of the client trust account cannot be disclosed because the amount "is privileged under the attorney-client privilege." The Individual further stated that "[c]opies of all writings upon which this claim is based are attached hereto." Attached to the claim form are documents reflecting the assignment of the underlying judgments to Musick Peeler. No other documents are attached.[3]

On November 22, 2019, Musick Peeler filed a notice of hearing to determine the validity of the third party claims. Counsel for Musick Peeler subsequently filed a declaration, described as a "supplemental opposition" to the third party claims. Counsel notes that the claims failed to include any bank statements regarding the accounts or evidence of "tracing," which the claimant "easily could have produced," or other evidence whatsoever.

The Individual, as "an individual," filed a "Response/Rebuttal" regarding the 9403 account. The

---

[3] Although the Individual also claimed a "superior right" to funds in a third account that was a subject of the levies, he does not pursue this claim on appeal.

4

Individual, "as President" of the Law Corporation, filed a "Response/Rebuttal" regarding the 5249 account and a "Response/Rebuttal" to Musick Peeler's supplemental opposition. These documents refer to the 5249 claim as being made "by the Law Corporation." In none of these filings did the claimants offer any documentary evidence to support the claims.

On January 24, 2020, the court held a hearing on the third party claims. The Individual stated that he was appearing for himself in propria persona and as counsel for the Law Corporation. He argued that he filed one of the claims and the Law Corporation filed the other.

At the outset of the hearing, the court indicated that it would deny the third party claims because "the claimants haven't met their burden of proof." The Individual argued that "the testimony of one witness is permissible" to support the claims. The court explained that, although such testimony is "permissible," the court could "also take into account the absence of . . . evidence that would have been available to the claimant, . . . such as bank statements and tracing," which had not been submitted. The Individual's declaration testimony, the court added, is "less credible when it could readily have been supported by . . . documentary evidence" that the claimants failed to present. The Individual then requested a continuance to allow him to submit bank statements as evidence to support the claims, which the court denied.

On January 24, 2020, the court issued its order denying the third party claims because "[t]he third party claimant has not met his burden of proof." The order states that "David S. Karton's third party claim of ownership is denied" because "[t]here is no showing made that the funds located in [the bank]

5

is separate property belonging to [the] third party claimant." (Boldface and capitalization omitted.) The order further states that the bank "and/or levying officer is hereby authorized to and shall immediately promptly disburse all such funds to judgment creditor." [4] (Capitalization omitted.)

On May 21, 2020, a notice of appeal from the order denying the third party claims was filed by "Third Party Claimant, David S. Karton, President of David S. Karton, A Law Corporation." The notice of appeal is signed by "David S. Karton, President of Plaintiff David S. Karton, A Law Corporation." (Full capitalization omitted.) No other notice of appeal was filed concerning the third party claims.

## DISCUSSION

### A. *Appellants' Requests for Judicial Notice and Motion to Take Evidence on Appeal and for Findings of Fact*

Appellants request that we take judicial notice of: (1) an order issued in the superior court denying Musick Peeler's motion to amend one of the Musick Peeler judgments to include the Individual as a judgment debtor on alter ego grounds, (2) a document described as "Short Form Annual Return/Report of Small Employee Benefit Plan" for "David S. Karton, A Law Corporation Retirement Plan," dated Mar. 15, 2021, (3) a document titled, "Standard Prototype Adoption Agreement for

---

[4] Although the court's minute order and its formal written order denying the claims refer to the singular, "third party claimant" and "Third Party Claim of Ownership," there is no dispute that the court's order applies to both the 9403 claim and the 5249 claim.

the DATAIR Profit Sharing Plan," dated July 4, 2015 (full capitalization omitted), (4) a bank statement regarding the 5249 account for the period ending October 31, 2019, and (5) a bank statement regarding the 9403 account for the period ending November 8, 2019.

Appellants also filed a motion to have this court take additional evidence on appeal and make factual findings under Code of Civil Procedure section 909.[5] In particular, appellants requested that we make the following findings of fact: (1) The funds levied in account 5249 "were not and are not owned by the Law Corporation. The funds are trust funds which belong to the beneficiaries of the account, who are the Law Corporation's clients"; and (2) The funds levied in account 9403 "were not and are not owned by the Law Corporation. The funds are trust funds which belong to the beneficiaries of the account, who are some of the Law Corporation's current and former employees."

We grant the request for judicial notice of the order denying Musick Peeler's motion to amend the judgment. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).) We deny the requests to take judicial notice of the remaining documents and deny the motion to take additional evidence on appeal and make factual findings. As our Supreme Court has explained, "Reviewing courts generally do not take judicial notice of evidence not presented to the trial court." (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) Appellants provide no reason for failing to present to the trial court the requested items in this case and do not refer us to any exceptional

---

[5] Subsequent unspecified statutory references are to the Code of Civil Procedure.

7

circumstances that would justify departing from this rule.  (See *ibid.*; *Brosterhous v. State Bar* (1995) 12 Cal.4th 315, 325.)

We deny the request to take additional evidence under section 909.  The authority granted by that section "should be exercised sparingly" and only when "exceptional circumstances" are present.  (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.)  The appellants have failed to establish such exceptional circumstances.

### B.    *Identifying the Appellant and the Subjects of Our Review*

A threshold issue concerning the appeal is the identification of the appellant or appellants.  According to Musick Peeler, the notice of appeal was filed by the Law Corporation, and the Individual did not appeal.  Therefore, Musick Peeler argues, we should not consider the Individual's arguments on appeal with respect to the 9403 claim, which was filed by the Individual "solely as an individual, and not as an officer, shareholder or employee of [the Law Corporation]."  The Individual and the Law Corporation disagree and contend that the notice of appeal should be liberally construed to include each of them as appellants.  We agree.

Notices of appeal "are to be liberally construed."  (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 888 (*K.J.*); see Cal. Rules of Court, rule 8.100(a)(2).)  This rule of liberal construction "is intended to 'implement the strong public policy favoring the hearing of appeals on the merits' " (*K.J.*, *supra*, at p. 882) and "compels a reviewing court to evaluate whether the notice, despite any technical defect, nonetheless served its basic function—to provide notice of who is seeking review of what order or judgment—so as to properly invoke appellate jurisdiction."

8

(*Id*. at p. 883.)  The rule "applies to defects in the designations of the parties, including errors involving the omission of an intended appellant" (*id*. at p. 888) if the "respondent was not misled or prejudiced by the omission" (*id*. at p. 885).

According to the notice of appeal from the order denying the third party claims, the appellant is "Third Party Claimant, David S. Karton, President of David S. Karton, A Law Corporation."  (Full capitalization omitted.)  The notice appears to identify only a single appellant; namely, the Individual, "David S. Karton."  Because the notice indicates the appellant is an individual—albeit an individual who is the president of the Law Corporation—we will construe the notice of appeal as being filed by the Individual.  Although the appositive, "President of David S. Karton, A Law Corporation," is different from the appositive the Individual used in his 9403 claim (filed by the Individual "solely as an individual, and not as an officer, shareholder or employee of [the Law Corporation]"), in light of the rule of liberal construction, we do not construe the difference as a basis for denying the Individual from challenging the denial of his 9403 claim.

We also construe the notice of appeal as being filed by the Law Corporation with respect to the 5249 claim.  Although the notice appears to identify a single appellant—the Individual—the notice proceeds to describe the appellant as president of the Law Corporation.  That phrase corresponds to the identical phrase used by the claimant in the 5249 claim and reasonably implies that the denial of that claim is a subject of the appeal.

Arguably, the description of the appellant—David S. Karton, President of David S. Karton, A Law Corporation"—does not identify the Law Corporation at all, but rather only

9

the Individual, who happens to be the president of the Law Corporation. Both sides agree, however, that this language in the 5249 claim and the notice of appeal refer to the Law Corporation. This interpretation is supported by statements in the "Response/Rebuttal" documents filed in support of the 5249 claim that that claim is being asserted by the Law Corporation and the Individual's representation at the hearing that the 5249 claim "was filed by David S. Karton[,] A Law Corporation." The phrase "David S. Karton, as President of David S. Karton, A Law Corporation" may also be explained as an awkward effort to abide by the general rule that corporations can act only through their directors, officers, and agents. (1 Fletcher, Cyclopedia of the Law of Corporations (2021) § 30.) Moreover, Musick Peeler does not assert that it would be prejudiced by construing the notice of appeal and the underlying 5249 claim as being filed by the Law Corporation. Therefore, in light of the " 'strong public policy favoring the hearing of appeals on the merits' " and the absence of prejudice to Musick Peeler, we construe the notice of appeal as being filed by the Law Corporation with respect to the 5249 claim, as well as being filed by the Individual with respect to the 9403 claim. (See *K.J.*, *supra*, 8 Cal.5th at p. 882.)

C.  *Third Party Claim Procedures*

When personal property has been levied under a writ of execution, a "third person claiming ownership" (§ 720.110) of the property may make a claim for the property under division 4 of the Enforcement of Judgments Law. (§ 720.010 et seq.) The claim shall be executed under oath and include: (1) the name of the third person, (2) a description of the property in which an interest is claimed, (3) a description of the interest, including a statement of facts upon which the claim is based, and

10

(4) an estimate of the market value of the interest.  (§ 720.130, subd. (a).)  The claimant must also attach to the claim a "copy of any writing upon which the claim is based."  (§ 720.130, subd. (b).)  Within 15 days after a third party claim is filed, the judgment creditor may petition the court for a hearing to determine the validity of the third party claim and the proper disposition of the subject property.  (§ 720.310, subd. (a).)

Hearings on third party claims are "summary proceedings" (*Cassel v. Kolb* (1999) 72 Cal.App.4th 568, 579 (*Cassel*)) that "provide a quick and effective way to determine such claims." (Ahart, Cal. Practice Guide:  Enforcing Judgments & Debts (The Rutter Group 2022) ¶ 6:1601.)  The third party claim "constitutes the pleading of the third person."  (§ 720.350, subd. (a)(1).)  The judgment creditor need not file any pleading to oppose the claim as the third party's claim is "deemed controverted by the creditor."  (§ 720.350, subd. (b); see Ahart, Cal. Practice Guide: Enforcing Judgments & Debts, *supra*, ¶ 6:1685.)

The claimant has the burden of proof to establish the validity of the claim (§ 720.360) and "is required to introduce evidence that [the claimant] owns the . . . property" that is the subject of the claim.  (*Whitehouse v. Six Corp.* (1995) 40 Cal.App.4th 527, 535.)  The court has discretion to "exclude from evidence any writing a copy of which was not attached to the third-party claim."  (§ 720.130, subd. (b).)

At a hearing on the validity of the third party claims, the court determines the credibility of the witnesses and the weight to be given to the evidence presented (*Lawler v. Solus* (1951) 101 Cal.App.2d 816, 818), and is not required to accept the testimony of the claimant, even if uncontradicted (*Maguire v. Corbett* (1953) 119 Cal.App.2d 244, 250).  The court shall determine the validity

11

of the third party claim "[a]t the conclusion of the hearing."
(§ 720.390.)

### D. *Standards of Review*

When, as here, the trial court finds that the party with the burden of proof failed to carry that burden, "the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law.  [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.' " (*In re I.W.* (2009) 180 Cal.App.4th 1517, 1528; accord, *Fabian v. Renovate America, Inc.* (2019) 42 Cal.App.5th 1062, 1067; *Juen v. Alain Pinel Realtors, Inc.* (2019) 32 Cal.App.5th 972, 978–979; *Dreyer's Grand Ice Cream, Inc. v. County of Kern* (2013) 218 Cal.App.4th 828, 838.)  We review a ruling denying a continuance for abuse of discretion.  (*People v. Beames* (2007) 40 Cal.4th 907, 920−921.)

### E. *The 9403 Account*

There are numerous defects in the Individual's claim concerning the 9403 account.  In support of his claim to that account, the Individual stated in his declaration that the account is a "retirement account," a "retirement plan," and "a profit sharing plan" (capitalization omitted), and that the funds in that account belong to the "third party claimant and other third parties."  The "other third parties" are not identified, and an estimate of the value of the Individual's alleged interest is not stated, as the statutes governing third party claims require. (§ 720.130, subd. (a)(1) & (4).)  In addition, although the

Individual asserts that the retirement plan is a qualified retirement plan for purposes of the Employee Retirement Income Security Act (ERISA) (29 U.S.C. § 1001 et seq.), which requires that such plans be "established and maintained pursuant to a written instrument" (29 U.S.C. § 1102(a)(1)), he attached no writings to support his claim despite the statutory requirement that he do so. (See § 720.130, subd. (b) [claimant must attach to the claim a "copy of any writing upon which the claim is based"].)

Aside from the foregoing defects in the Individual's claim, which are sufficient by themselves to justify the court's finding that he failed to satisfy his burden of proof, there is another fundamental problem with the claim. Under ERISA, the assets of a retirement plan shall ordinarily "be held in trust by one or more trustees," who "shall have exclusive authority and discretion to manage and control the assets of the plan." (29 U.S.C. § 1103(a); see *Barboza v. California Assn. of Professional Firefighters* (9th Cir. 2015) 799 F.3d 1257, 1265 [a trustee under ERISA is "a person (legal or natural) [who] must hold legal title to the assets of an employee benefit plan with the intent to deal with these assets solely for the benefit of the members of that plan"]; *Hannon Engineering, Inc. v. Reim* (1981) 126 Cal.App.3d 415, 425 ["[p]ension plans create a trust relationship between pensioner-beneficiaries and the trustees of pension funds who administer retirement benefits"].)[6] ERISA plan trustees must "be either named in the trust instrument or in the plan instrument . . . or appointed by a person who is a named fiduciary." (29 U.S.C. § 1103(a).)

---

[6] Although there are exceptions to this requirement (29 U.S.C. § 1103(a) & (b)), the Individual does not assert that any exception applies.

13

California's third party claim procedure is available to persons "claiming ownership or the right to possession" of levied assets. (§ 720.110.) Because the assets of a retirement plan are held and controlled by a trustee, any claim challenging a levy on the plan's assets must be brought by the plan's trustee in that capacity. (Cf. *Saks v. Damon Raike & Co.* (1992) 7 Cal.App.4th 419, 427; *Botsford v. Haskins & Sells* (1978) 81 Cal.App.3d 780, 784; *Powers v. Ashton* (1975) 45 Cal.App.3d 783, 787−788.) The beneficiaries of a trust—in this case, the employees of the Law Corporation for whom the alleged retirement plan is established—lack standing to assert a claim concerning trust assets. (Cf. *Estate of Bowles* (2008) 169 Cal.App.4th 684, 691 ["a trust beneficiary cannot sue in the name of the trust"]; *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 462 ["generally a trust beneficiary is not the real party in interest and therefore may not sue in the name of or for the benefit of the trust"]; see generally Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2022) ¶ 2:6.5.)

Here, the Individual offered no evidence in the trial court proceeding that he is a trustee of the alleged retirement funds held in the 9403 account. Therefore, even if we credit the Individual's declaration testimony that the 9403 account is a retirement plan account, he failed to show that he "own[s]" or has the "right to possession" of the funds in that account. (§ 720.110.)

For all of the foregoing reasons, the Individual has failed to satisfy his burden on appeal of demonstrating that the evidence compels a finding that he is entitled as a matter of law to the

14

relief he sought.  (See *In re I.W.*, *supra*, 180 Cal.App.4th at p. 1528.)

### F.  *The 5249 Account*

The Law Corporation has failed to satisfy its burden of establishing its right to relief as to the 5249 claim.  Initially, we note that although the Law Corporation argues on appeal that it is the trustee of the 5249 account, and thus "had both the power and the fiduciary obligation to present a third-party claim to protect its clients' funds" in the account, it did not identify itself as such in its claim.  Nor did the Law Corporation claim to be the trustee of the account in its "Response/Rebuttal" filings with the court.  Indeed, in the declaration supporting the 5249 claim, the Individual provides no indication of the Law Corporation's legal relationship to the funds in the account except to note that the funds "are *not* [the] property of the Law Corporation." (Italics added.)  The failure to assert in the trial court that the Law Corporation is the trustee of the 5249 account forfeits the argument on appeal.  (See *Los Angeles Police Protective League v. City of Los Angeles* (2022) 78 Cal.App.5th 1081, 1100–1101.)

Even if the argument had been asserted below, there was no evidence presented to the trial court that the Law Corporation is the trustee of the 5249 account.  And although the Individual, while acting as the Law Corporation's counsel during the hearing on the claim, had ample opportunity to assert or make an offer of proof that he or the Law Corporation was the trustee of the 5249 account, he failed to do so.

The Law Corporation points to the Individual's statements that the 5249 account is titled, " 'Law Offices of David S. Karton Client's Trust Account,' " and that "the funds in [the 5249 account] are not property of the Law Corporation."  Even if we

15

assume that the account's title is as the Individual represents it to be and we infer from the title that the account is the Law Corporation's client trust account, these facts do not prove that the Law Corporation is the trustee of that account. Nothing in the statutes and related rules of professional conduct governing client trust accounts require that a law corporation be the trustee of such accounts. (See Bus. & Prof. Code, §§ 6211, 6212; Rules Prof. Conduct of State Bar, rule 1.15.) The Individual's further statement that the funds in the 5249 account are not the property of the Law Corporation does not prove that the Law Corporation is the trustee of that account.

Further, although lawyers and law firms are required to maintain "complete records" concerning client trust accounts (Rules Prof. Conduct of State Bar, rule 1.15(d)(3) & Stds. (eff. Nov. 18, 2018)) and the third party claim procedures require the claimant attach to the claim a "copy of any writing upon which the claim is based" (§ 720.130, subd. (b)), the claimant did not attach any records to establish that the 5249 account is a client trust account or that the Law Corporation is the trustee of the account. Because the Law Corporation is required to maintain extensive records concerning its client trust account, it presumably could have produced such records to support its claim. The Law Corporation, however, failed to do so. The trial court could, as it did, reasonably rely on the evidentiary rule that, "[i]f weaker and less satisfactory evidence is offered when it was within the power of the party to produce stronger and more satisfactory evidence, the evidence offered should be viewed with distrust." (Evid. Code, § 412.) Even if the evidence offered in support of the claim arguably suggests that the Law Corporation is the trustee of the 5249 account, it is patently weaker and less

16

satisfactory than what could have been shown by the records of the account.

The Law Corporation argues that the testimony of one knowledgeable witness—in this case, the Individual—is superior to any documentary evidence it could have produced and constitutes substantial evidence of the facts to which the Individual testified. For this point, the Law Corporation relies on *Bank of Costa Mesa v. Losack* (1977) 74 Cal.App.3d 287 (*Bank of Costa Mesa*). In that case, a bank sued a depositor for damages caused by the depositor's dishonoring of certain checks he had deposited with the bank. The bank did not introduce documentary evidence of the transactions at trial, relying instead on the testimony of the bank's president. (*Id.* at p. 290.) After a bench trial, the court found in favor of the bank.

The issue on appeal in *Bank of Costa Mesa* was "whether there is substantial evidence in favor of the judgment." (*Bank of Costa Mesa*, *supra* 74 Cal.App.3d at p. 291.) Based on the principle that "the direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact," the court held that the testimony of the bank president was sufficient to support the judgment. (*Ibid.*, citing Evid. Code, § 411.) The court further stated that "books of account are only secondary evidence and secondary proof of the items therein. Oral testimony of persons having personal knowledge of transactions involved in items of accounts is best evidence of such items, if they do not result from written contract, and is primary evidence thereof, notwithstanding existence of books of account showing them." (*Ibid.*)

*Bank of Costa Mesa* does not help the Law Corporation. The court's holding that the bank president's testimony was

17

sufficient to support the judgment in favor of the bank does not mean that the testimony of the bank president would have compelled reversal if the judgment had been for the defendant. Nor does that case alter the well-settled rule that, "[p]rovided the trier of the facts does not act arbitrarily, he [or she] may reject in toto the testimony of a witness, even though the witness is uncontradicted." (*Hicks v. Reis* (1943) 21 Cal.2d 654, 659–660, italics omitted; accord, *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 890; *G & W Warren's, Inc. v. Dabney* (2017) 11 Cal.App.5th 565, 581.) Here, given that the Law Corporation (and the Individual acting as the Law Corporation's counsel) failed to offer any evidence as to the identity of the trustee of the alleged client trust account and the Law Corporation failed to comply with the statutory requirement to produce writings upon which it based its claim, the court did not act arbitrarily in finding that the Individual's testimony was insufficient to prove the claim.

For all of the foregoing reasons, the Law Corporation has failed to demonstrate that the evidence compels a finding in its favor on the 5249 claim as a matter of law.

### G.    *The Court's Refusal to Grant a Continuance*

The appellants contend that the court erred in denying a request for a continuance to provide bank statements showing that the 9403 account is a retirement account and the 5249 account is a client trust account. We find no error.

A trial court has "wide discretion" in ruling on a motion for a continuance (*Cohen v. Herbert* (1960) 186 Cal.App.2d 488, 493), and we review the trial court's denial of such a motion for an abuse of discretion. (*Schlothan v. Rusalem* (1953) 41 Cal.2d 414, 417; *Tarin v. Lind* (2020) 47 Cal.App.5th 395, 404.) The trial

18

court's discretion in this instance is informed by the summary nature of third party claim proceedings (*Cassel, supra,* 72 Cal.App.4th at p. 579) and the statutory requirement that third party claimants must attach to their claim "[a] copy of any writing upon which the claim is based" (§ 720.130, subd. (b)). The point of this requirement is to avoid precisely the kind of request for a continuance the Individual sought here.

The breadth of the court's discretion to deny a continuance to produce additional evidence in third party claim proceedings is further informed by the discretion expressly given to the courts hearing third party claims to "exclude from evidence any writing a copy of which was not attached to the third-party claim." (§ 720.130, subd. (b).) If the courts have the power to exclude evidence a claimant offers at the hearing on the claim, even if otherwise admissible, merely because the claimant did not attach it to the claim, it follows that the court acts well within its discretion in denying a continuance that is sought solely to offer evidence that was neither attached to the claim nor brought to the initial hearing.

Moreover, the appellants failed to make an offer of proof to show how the account statements would cure the various defects in the third party claims. Although the account statements, if produced, might, for example, have established that the 9403 account is an ERISA-qualified retirement account and that the 5249 account is the Law Corporation's client trust account, the Individual did not contend that the documents would establish the amount of the claims or that the Individual or the Law Corporation is the trustee of either account or cure the other defects in the claims.

19

For all these reasons, the court did not abuse its discretion in denying the request for a continuance.

## DISPOSITION

The January 24, 2020 order denying the third party claims is affirmed.

Respondent is awarded its costs on appeal.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur.

CHANEY, J.

KELLEY, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.